No. 91.   ZICARELLI *v.* NEW JERSEY STATE COMMISSION
OF INVESTIGATION.   Appeal from Sup. Ct. N. J.   Prob-
able jurisdiction noted limited to Questions 1, 2, 3, and
4 as set forth in the jurisdictional statement which read
as follows:

"1. Whether a state immunity statute, and in par-
ticular N. J. S. A. 52:9M–17, which merely prevents the
subsequent use of a witness's testimony and evidence
derived therefrom is sufficient to supplant the Fifth
Amendment's privilege against self-incrimination?

"2. Whether *Counselman* v. *Hitchcock,* 142 U. S. 547
(1892), which stated that 'absolute immunity against
further prosecution' is required before the Fifth Amend-
ment privilege may be supplanted, is still the law of the
land?

"3. Whether the immunity statute in question, N. J. S. A. 52:9M–17 is constitutionally defective due to its provision that only a 'responsive' answer, or evidence derived therefrom will not be used against the witness, where the statute provides no guidelines for determining what is a 'responsive' answer?

"4. Whether the immunity statute, N. J. S. A. 52:9M–17, can supplant the Fifth Amendment privilege when it fails to provide immunity against foreign prosecution, with respect to an individual who has a real fear of such foreign prosecution?"

As to all other questions set forth in the jurisdictional statement, the appeal is dismissed for want of a substantial federal question. MR. JUSTICE BRENNAN took no part in the consideration or decision of this matter. [For earlier orders herein, see, e. g., 398 U. S. 948.]