Michael Gorean **STEWART**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Charles Joseph **KASTIGAR**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 71–1212, 71–1213.

United States Court of Appeals, Ninth Circuit.

March 29, 1971.

Certiorari Denied May 17, 1971.

See 91 S.Ct. 1668.

Hugh R. Manes (argued), of Margolis, McTernan, Smith, Scope & Herring, Los Angeles, Cal., for appellants.

David R. Nissen (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before KOELSCH, HUFSTEDLER and TRASK, Circuit Judges.

## PER CURIAM:

This is an appeal from an order of the district court adjudging the appellants, Michael Stewart and Charles Kastigar, to be in civil contempt and ordering them confined. The order was entered pursuant to Section 301(a) of the Organized Crime Control Act of 1970, 28 U.S.C. § 1826, when appellants refused to answer questions before a grand jury after having been granted immunity under Section 201(a) of that Act. 18 U.S.C. § 6002. Because the statute pursuant to which this appeal was taken requires that the appeal be disposed of not later than thirty days from its filing, the unpublished order affirming the judgment of the district court was entered and filed on March 10, 1971, with the notation that this opinion of the panel was to follow.

Appellants' difficulties stem from the fact that each of them refused to answer questions put to him by the federal grand jury after an order granting immunity under 18 U.S.C. § 6001 et seq. had been obtained for each. They claim the shelter of the Fifth Amendment privilege against self-incrimination. They also assert that the summary procedure provided by 28 U.S.C. § 1826 denies them due process of law.

### SELF-INCRIMINATION

Appellants argue that the immunity provision of the Act [1] affords only a "use immunity." That is, that the answers may be compelled if there is immunity only from federal and state *use* of such testimony in connection with a criminal

---

1. Section 201(a) of the Organized Crime Control Act of 1970, 18 U.S.C. § 6002, provides as follows:

   "[T]he witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; *but no testimony or other information compelled under the order (or any informa-* *tion directly or indirectly derived from such testimony or other information) may be used against the witness* in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order."

prosecution against the person testifying. This, they urge, does not satisfy the requirements of the Fifth Amendment or the cases interpreting it, particularly Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892). Appellants insist that the Constitution requires that for a statute granting immunity to be valid it must afford complete and absolute immunity co-extensive with the immunity provided by the Fifth Amendment.[2]

This is accomplished, they assert, only where the witness is accorded "transactional immunity" under the appropriate statute. *Cf.* Ullman v. United States, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511 (1956); Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819 (1896).[3]

There appears to be no question but that a "transaction" statute affords the protection that the Fifth Amendment requires. Here we examine a different statute to determine whether it also may be constitutional. We find that it is.

No case has been cited in which the Supreme Court has held that *only* a transaction statute will suffice, and we have found none. On the contrary, it appears that Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), has decided the issue here both with respect to the scope of *Counselman* and also with respect to the extent of the requirements of the Fifth Amendment—at least as the latter apply here.

*Murphy* was decided on the same day as Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). *Malloy*

held that the Fourteenth Amendment prohibits state infringement of the privilege against self-incrimination just as the Fifth Amendment prohibits the federal government from denying the privilege. *Murphy* decided a related question: Whether one jurisdiction within the federal structure could compel a witness to whom it had granted immunity to give testimony which might then be used to convict him of a crime against another jurisdiction. In the case under consideration here, of course, the issue is one of compulsion to testify before a federal grand jury investigating possible violations of the laws of the United States, after having received immunity under the federal statute.[4] In *Murphy* the Court considered *Counselman* and then stated the rule to be:

"[W]e hold the constitutional rule to be that a state witness may not be compelled to give testimony which may be incriminating under federal law unless the compelled testimony and its fruits cannot be used in any manner by federal officials in connection with a criminal prosecution against him." 378 U.S. at 79, 84 S.Ct. at 1609.

The Court added this significant footnote:

"Once a defendant demonstrates that he has testified, under a state grant of immunity, to matters related to the federal prosecution, the federal authorities have the burden of showing that their evidence is not tainted by establishing that they had an independent, legitimate source for the dis-

2. "No person * * * shall be compelled in any criminal case to be a witness against himself * * *."

Although these cases arise in the context of a federal immunity statute, it seems clear that the validity of a state immunity statute is measured by the same yardstick. *See* Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

3. A typical "transaction" statute is the one held sufficient in *Ullman*. It provides in pertinent part:

"But no such witness shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, nor shall testimony so compelled be used as evidence in any criminal proceeding * * * against him in any court." 350 U.S. at 424, 76 S.Ct. at 499.

4. *Supra,* footnote 1.

puted evidence." 378 U.S. at 79 n. 18, 84 S.Ct. at 1609.

It seems apparent from this footnote that the Court does not believe that the immunized testimony must bar all *prosecution* for the "transaction" about which he testified. Rather, the Court makes clear that any evidence used must be free from all taint of compulsion. There must be an "independent legitimate source" for it other than from that evidence produced by the witness under compulsion and its fruits.[5]

█ Mr. Justice White in his concurring opinion voiced the views that are urged by the appellee and those views would sustain the statute under attack here. *Murphy, supra,* 378 U.S. at 100–107, 84 S.Ct. 1594. That a prosecution need not be foreclosed which arises out of any "transaction" to which the witness alludes, is inherent in his statement:

"In my view it is possible for a federal prosecution to be based on untainted evidence after a grant of federal immunity in exchange for testimony in a federal criminal investigation. * * * It is precisely this possibility of a prosecution based on untainted evidence that we must recognize." 378 U.S. at 106, 84 S.Ct. at 1618.

The statute now under question appears clearly within the protective limitations of the Fifth Amendment as construed by *Murphy.* It proscribes the use of the testimony "or other information" compelled, together with "any information directly or indirectly derived from such testimony or other information." *See also* Zicarelli v. New Jersey State Commission of Investigation, 55 N.J. 249, 261 A.2d 129, 137–140 (1970); Prob. juris. noted, 401 U.S. 933, 91 S.Ct. 916, 28 L. Ed.2d 213(1971).

## DUE PROCESS

Appellants, in addition, urge that 18 U.S.C. § 6002–6003 and 28 U.S.C. § 1826, impose a summary procedure upon them which denies them fundamental notice and a fair hearing required by the due process requirements of the Fifth Amendment.

█ The appellants were not parties to any judicial proceeding. They were witnesses called upon to give evidence, if any they had, of possible violations of the laws of the United States. They were appearing under subpoena. The record discloses that their counsel was available to advise them. Their contention, therefore, based upon due process is without merit. United States v. Weinberg, 439 F.2d 743 (9th Cir. 1971).

The judgment of the district court is affirmed.

5. Such a construction is consistent with the rule governing the admissibility of evidence charged to have been obtained by illegal search and seizure in violation of the Fourth Amendment. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).