No. A–285 (71–377). ELIAS, CORRECTIONAL SUPERINTENDENT *v.* CATENA. C. A. 3d Cir. Reported below: 449 F. 2d 40; and

No. A–342. UNITED STATES EX REL. ANNALORO *v.* ELIAS, CORRECTIONAL SUPERINTENDENT. Pending appeal to C. A. 3d Cir. Motion for stay in Application No. A–285 granted, and counter application for bail denied. Application for bail in Application No. A–342 presented to MR. JUSTICE WHITE, and by him referred to the Court, denied. MR. JUSTICE BRENNAN took no part in the consideration or decision of the motion or applications.

MR. JUSTICE DOUGLAS, dissenting.

These are applications for bail in cases from the Court of Appeals for the Third Circuit, in *Catena* pending certiorari to this Court and in *Annaloro* pending appeal to the Court of Appeals. Each applicant was convicted by a state court for refusing to testify before a grand jury. Each sought habeas corpus in the federal court; and in the *Catena* case, 449 F. 2d 40, the Court of Appeals held that the applicant was unconstitutionally detained.

Concededly, the *Annaloro* case is on all fours with *Catena,* although the Court of Appeals has not yet heard the merits.

The underlying question in these cases is whether the immunity to which a witness is entitled who refuses to testify because of the Self-Incrimination Clause of the Fifth Amendment is "transactional" immunity or "use" immunity. The question is one that was stirred last Term in *Piccirillo* v. *New York,* 400 U. S. 548. As MR. JUSTICE BRENNAN, MR. JUSTICE MARSHALL, and I concluded in that case, the constitutional requirement calls for "transactional" immunity. *Id.,* at 550–551, 562, *et seq.* That plainly is the law as it now stands, *ibid.;* and the Court of Appeals so held. Since applicants were granted only "use" immunity and refused to testify on that ground, they have wrongfully been imprisoned. They are therefore being held unconstitutionally and should be discharged pending review of the cases.

We have noted jurisdiction in No. 69–4, *Zicarelli* v. *New Jersey State Commission of Investigation,* 401 U. S. 933, which raises the same question. But since *Malloy* v. *Hogan,* 378 U. S. 1, held that the Fourteenth Amendment applied the Self-Incrimination Clause to the States as fully as to the Federal Government, it will require a reversal in direction by this Court and a dilution of *Malloy* to say that these applicants are lawfully detained.

I would follow settled law until it is changed and meanwhile discharge these prisoners on suitable bail.*

---

*"A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U. S. C. § 2251.