SARNO ET AL. *v.* ILLINOIS CRIME INVESTIGAT-
ING COMMISSION

No. 70–7.   Argued January 11, 1972—Decided May 22, 1972

*Frank G. Whalen* argued the cause and filed a brief for petitioners.

*Joel M. Flaum,* First Assistant Attorney General of Illinois, argued the cause for respondent.   With him on the brief were *William J. Scott,* Attorney General, and *Jayne A. Carr,* Assistant Attorney General.

*Melvin L. Wulf* filed a brief for the American Civil Liberties Union as *amicus curiae* urging reversal.

PER CURIAM.

Petitioners were ordered to testify before the Illinois Crime Investigating Commission under a grant of immunity conferred pursuant to Ill. Rev. Stat., c. 38, § 203—14 (1969).   The occasion for granting the writ in this case was to consider whether Illinois must demonstrate to petitioners, prior to an adjudication for contempt for refusal to answer the Commission's questions, that immunity as broad in scope as the protection of the privilege against self-incrimination is available and applicable to them.   401 U. S. 935 (1971).   The writ was granted in light of petitioners' claim that the statute did not provide complete transactional immunity.   On the same day that the writ was granted, probable jurisdiction was noted in *Zicarelli* v. *New Jersey State Commission of Investigation,* 401 U. S. 933 (1971), to resolve the ques-

tion whether a State can compel testimony from an unwilling witness, who invokes the privilege against self-incrimination, by granting immunity from use and derivative use of the compelled testimony, or whether transactional immunity is required.

We held today in *Kastigar* v. *United States, ante,* p. 441, and in *Zicarelli* v. *New Jersey State Commission of Investigation, ante,* p. 472, that testimony may be compelled from an unwilling witness over a claim of the privilege against self-incrimination by a grant of use and derivative use immunity. The premise of petitioners' arguments is that transactional immunity is required. They say that Illinois failed to demonstrate satisfactorily that transactional immunity was provided, but they do not contend that the Illinois immunity statute affords protéction less comprehensive than use and derivative use immunity. Respondent asserts that the statute affords complete transactional immunity, reflecting a long-standing Illinois policy of providing immunity greater than that required by the United States Constitution. Since neither party contends that the scope of the immunity provided by the Illinois statute falls below the constitutional requirement set forth in *Kastigar,* we conclude that any uncertainty regarding the scope of protection in excess of the constitutional requirement should best be left to the courts of Illinois. Accordingly, the writ of certiorari is dismissed as improvidently granted.

*It is so ordered.*

MR. JUSTICE BRENNAN and MR. JUSTICE REHNQUIST took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS dissents for the reasons stated in his dissenting opinion in *Kastigar* v. *United States, ante,* p. 462.

MR. JUSTICE MARSHALL dissents for the reasons stated in his dissenting opinion in *Kastigar* v. *United States, ante,* p. 467.