**In re Grand Jury Proceedings in the Matter of FOOD PRODUCTS INVESTIGATION, RENO, NEVADA.**

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Ralph REYNOLDS, Witness, Defendant-Appellant.**

**In re Grand Jury Proceedings in the Matter of FOOD PRODUCTS INVESTIGATION, RENO, NEVADA.**

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Frank SELMI, Witness, Defendant-Appellant.**

**Nos. 72–1968, 72–2006.**

United States Court of Appeals, Ninth Circuit.

June 16, 1972.

---

**595**

Edward C. Reed, Jr. (argued) (72–1968), of Adams, Reed, Bowen & Murphy, Reno, Nev., Paul H. Lamboley (argued) (72–2006), Reno, Nev., for appellants.

J. Frederick Malakoff, San Francisco, Cal. (argued), Anthony E. Desmond, San Francisco, Cal., Walker B. Comegys, Howard E. Shapiro, Carl Lawson, United States Dept. of Justice, Antitrust Div., Washington, D. C., and Marquis L. Smith, Don B. Overall, United States Dept. of Justice, Antitrust Div., San Francisco, Cal., for plaintiff-appellee.

Before MERRILL and BROWNING, Circuit Judges, and ZIRPOLI,* District Judge.

PER CURIAM:

In the course of a grand jury investigation into alleged antitrust violations in the wholesale meat industry, appellants Frank Selmi and Ralph Reynolds were subpoenaed to testify. Upon ad-

vice of counsel, both appellants claimed their constitutional privilege against self-incrimination. On April 25, 1972, upon the application of the United States, the United States District Court for the District of Nevada granted the appellants immunity from prosecution and ordered them to testify in accordance with the provisions of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 6001 et seq. The appellants again refused to answer certain questions propounded to them. On May 9, 1972, the court found both appellants in contempt and committed them to the custody of the United States Marshal. Execution of the order was stayed pending the outcome of this appeal.

■■ The only substantial basis for this appeal is the constitutionality of 18 U.S.C. § 6002. That question was resolved against the appellants by the Supreme Court's decision in Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), aff'g 440 F.2d 954 (9th Cir. 1971). The unconstitutional consequences of applying 18 U.S.C. § 6002 in the circumstances of this case urged by appellants are speculative.[1] At such time as indictments may be returned against appellants, the government will have "the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony." 92 S.Ct. at 1665. We accordingly decline to pass on appellants' conjectural constitutional objections at this time.

The order of the court below is affirmed. The mandate will issue forthwith.

* Honorable Alfonso J. Zirpoli, United States District Judge for the Northern District of California, sitting by designation.

1. Appellants take the position that the serial, multiple and tandem use of subpoenas and immunity orders against appellants as potential defendants *may* result in a violation of constitutional rights.