**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David GELBARD, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sidney PARNAS, Defendant-Appellant.
Nos. 71–1263, 71–1264.**

United States Court of Appeals,
Ninth Circuit.

June 8, 1971.

Rehearings Denied June 23, 1971.

---

Adrian Marshall (argued), Beverly Hills, Cal., for appellant, Parnas.

Burton Marks (argued), Beverly Hills, Cal., for appellant Gilbard.

Alfred N. King (argued), Atty., for Dept. of Justice, Washington, D.C., Robert L. Meyer, U.S. Atty., Dennis E. Kinnaird, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, CARTER and TRASK, Circuit Judges.

PER CURIAM:

These consolidated appeals involve persons who proved recalcitrant when they appeared as witnesses before a federal grand jury and who were each committed to custody pursuant to 28 U.S.C. § 1826(a), after being adjudged guilty of civil contempt. In order to meet the rigorous statutory time limit imposed by 28 U.S.C. § 1826(b) it was necessary to, and this court did, immediately following oral argument, render decision. We affirmed the judgment of the court below and stated an opinion would follow. This is that opinion.

Both Gelbard, the appellant in No. 71–1263, and Parnas, the appellant in No. 71–1264, refused to answer any questions based upon information gained by the government from wiretapping authorized by the district court pursuant to 18 U.S.C. § 2518, which is a part of Title III of the Omnibus Criminal Control Act and Safe Streets Act of 1968, Pub.L. 90–351, June 19, 1968, 82 Stat. 218. When cited for contempt in the district court, each attacked the constitutional validity of Section 2518, and additionally urged that he should not be required to testify until and unless first allowed to inspect all applications, orders, tapes and transcripts relating to such electronic surveillance and afforded an opportunity to suppress the use before the grand jury of any evidence so secured. The court rejected their contentions and held the statute valid.

We find it unnecessary to consider the district court's finding that Section 2518 is constitutionally valid. A witness before a grand jury lacks standing to challenge a statute on constitutional grounds unless the statute directly bears upon his privilege against self-incrimination. Carter v. United States, 417 F.2d 384, 386–387 (9th Cir.1969), cert. denied, 399 U.S. 935, 90 S.Ct. 2253, 26 L.Ed.2d 807 (1970). Section 2518 is not in that category.

It appears to be settled that a witness in a grand jury proceeding has no right to resort to a court to secure authoritative advance determination concerning evidentiary matters that arise, or may arise, or to exclude evidence to be used in such a proceeding. See Cobbledick v. United States, 309 U.S. 323,

60 S.Ct. 540, 84 L.Ed. 783 (1940); Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956) and Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). Finally, we agree with the Fifth Circuit's decision in Dudley v. United States, 427 F.2d 1140, 1141 (5th Cir.1970) "that nothing in the Omnibus Act, particularly § 2518(10) (a) created a statutory exception which would permit a pre-indictment motion to suppress evidence that might be presented to the grand jury. \* \* \* The legislative history of the Act supports this conclusion. See Senate Report No. 1097, 90th Cong. 2d Sess. (1968) at p. 2195." [1]

---

[1]. The report contains this statement:

"Because no person is a party as such to a grand jury proceeding, the provision does not envision the making of a motion to suppress in the context of such a proceeding itself. Normally, there is no limitation on the character of evidence that may be presented to a grand jury, which is enforcible by an individual. (United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1965)). There is no intent to change the general rule."

Neither does 18 U.S.C. § 2518(9) support appellants in their contention that as witnesses they were entitled to copies of the applications and orders for the interceptions, together with transcripts, tapes, etc.

The language of paragraph (9) does not so indicate and the Legislative Report shows that paragraph (9) must be read in pari materia with paragraph (10). Thus, paragraph (9) is intended to enable a party charged with a criminal offense or facing other adversary proceeding to secure copies of the application for and the order permitting the interception to enable him to move to suppress evidence so gathered; but it does not extend to grand jury proceedings. As the Report states: " 'Proceeding' is intended to include all adversary type hearings. It would include a trial itself, a probation revocation proceeding, or a hearing on a motion for reduction of sentence. It would not include a grand jury hearing." *Id.* p. 2195.