In the Matter of Leslie **BACON**, a witness before the Grand Jury, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 71–1825.

United States Court of Appeals, Ninth Circuit.

June 24, 1971.

Honorable William N. Goodwin, District Judge, Benjamin Dreyfus (argued), of Garry, Drefus, McTernan & Brotsky, San Francisco, Cal., Jennie Rhine, Oakland, Cal., Jan Peterson, Seattle, Wash., for appellant.

Robert L. Keuch (argued), Dept. of Justice, Garvin Lee Oliver, Richard S. Stolker, Dept. of Justice, Guy L. Goodwin, Sp. Atty., Washington, D. C., Robert C. Mardian, Asst. Atty. Gen., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, KOELSCH and DUNIWAY, Circuit Judges.

PER CURIAM:

Leslie Bacon appeals from a civil contempt order of confinement entered on May 19, 1971, pursuant to 28 U.S.C. § 1826. The order is based upon a finding that appellant had refused to obey the

court's prior order of the same day, issued pursuant to 18 U.S.C. §§ 6002 and 6003, granting her immunity and ordering her to answer the questions asked by the grand jury which she had previously refused to answer. On June 15, 1971, we entered orders releasing appellant from custody subject to specified conditions, pending disposition of this appeal, and expediting the appeal.

■ Appellant argues that the "use immunity" provided by section 6002 does not provide her protection commensurate with the Self-Incrimination Clause of the Fifth Amendment, and that only if she were provided a "transaction immunity" would she be under compulsion to testify before the grand jury.

We must reject this argument in view of recent decisions of this court holding to the contrary on this precise question. *See* Charleston v. United States (Herlicy v. United States) 444 F.2d 504 (9th Cir. 1971), and Stewart v. United States (Kastigar v. United States), 440 F.2d 954 (9th Cir. 1971), *cert. granted* May 17, 1971, 402 U.S. 971, 91 S.Ct. 1668, 29 L.Ed.2d 135.

■ After three and one-half days of testifying before the grand jury, appellant filed a motion to compel the disclosure of electronic surveillance by the Government and to obtain a hearing thereon. She contended that both her subpoena and the questions asked of her by the grand jury were "tainted" by illegally seized evidence, in that the information obtained by illegal wiretaps led to her being subpoenaed and was used in framing questions put to her. Appellant argues that the district court erred in denying this motion.

A similar contention has recently been rejected by this court, and we adhere to that determination. *See* United States v. Gelbard (United States v. Parnas), 443 F.2d 837 (9th Cir. 1971, pet. for rehearing denied June 23, 1971).

In the order on appeal, the district court committed appellant to the custody of the United States Marshal "for the life of the grand jury sitting at Seattle, Washington, or until such time as she purges herself of this contempt." The Seattle grand jury was convened on September 1, 1970, for a term of eighteen months. Appellant thus faces a potential sentence of nine and one-half months, and possibly longer if the life of the grand jury is extended. Under 28 U.S.C. § 1826(a), under which appellant was committed, the period of confinement may not exceed eighteen months.

■ Appellant argues that since the commitment is for a period which exceeds six months, she is entitled to a trial by jury on the contempt charge. However, since the act of disobedience consisted solely of refusing to do what had been ordered (answer questions), rather than in doing what had been prohibited and, by its terms, the commitment will terminate if and when appellant answers the questions, the proceeding was for civil contempt as to which a jury trial is not constitutionally required. *See* Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

■ Appellant contends that the proceedings in the district court at the immunity and contempt hearings denied her due process of law. The reference here is to the short notice of such hearings given appellant, and the abbreviated nature of the hearings.

Appellant does not assert that these circumstances deprived her of the opportunity to present relevant evidence or to cross-examine the one witness produced by the Government, a court reporter. At most, the effect of the short notices and curtailed hearings was to hamper her counsel in presenting legal argument.

In view of the fact that appellant has been accorded a full opportunity to present written and oral legal argument on this appeal, we do not believe any restriction the district court placed upon argument denied her due process of law.

■ Finally, appellant argues that, assuming her arrest and detention as a material witness were unlawful, the subsequent immunity and contempt proceed-

ings were "tainted" by that illegality and, for this reason, the commitment for civil contempt must be set aside.

The validity of appellant's arrest and detention as a material witness is involved in a separate appeal and will be disposed of in a separate opinion. However, assuming, but not deciding, that such arrest and detention is invalid, we do not agree that it "tainted" the immunity and contempt proceedings. *See* Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). In addition to the material witness restraint, appellant also appeared before the grand jury under the compulsion of a subpoena which is not challenged.

The order under review is affirmed. A petition for rehearing will not be entertained.

Counsel for appellant advised us at oral argument that in the event of affirmance they would apply for a writ of certiorari. Issuance of the mandate herein is therefore stayed thirty days to enable appellant to apply for a writ of certiorari. If a timely application for such a writ is filed, the stay shall remain in effect until the application has been denied, or, if granted, until the cause has been determined by the Supreme Court.