**In the Matter of Rockney Lee REED, a witness before the Special Grand Jury, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 71–2183.**

United States Court of Appeals, Ninth Circuit.

Aug. 16, 1971.

---

Harry C. Singer (argued), of Marquette & Singer, Maurice K. Merten (argued), of Organized Crime & Racketeering, San Francisco, Cal., for appellant.

Thoedore Akulian (argued), Walnut Creek, Cal., for appellee.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM:

This is an appeal from a district court order adjudging Rockney Lee Reed to be in civil contempt for refusing to obey a district court order requiring him to testify before a special grand jury. Reed contends that questions propounded to him were based upon information obtained as a result of illegal wiretapping and that he was accordingly entitled to an order suppressing such information and entitled to refuse to testify. We affirm.

■ On this appeal, Reed's arguments are based upon 18 U.S.C. §§ 2515 and 2518(10) (a), and upon the Fourth Amendment. In our opinion, all of Reed's arguments are precluded by the specific holdings, or the necessary impli-

cations, of the decisions of this court in United States v. Gelbard and United States v. Parnas, 443 F.2d 837 (9th Cir. 1971) ; In re Bacon v. United States, 446 F.2d 667 (9th Cir. 1971), and Olsen v. United States, 446 F.2d 912 (9th Cir. 1971), relating to standing.

■ We decline to re-examine those decisions for the reason that this could only be done in banc, and the time allowed us under 28 U.S.C. § 1826 to decide this appeal will not permit this to be done. See In re Charleston v. United States, In re Herlicy v. United States, 444 F.2d 504 (9th Cir. 1971).

Counsel for appellant advised us at oral argument that in the event of affirmance he would apply for a writ of certiorari. Issuance of the mandate herein is therefore stayed thirty days to enable appellant to apply for a writ of certiorari. If a timely application for such a writ is filed, the stay shall remain in effect until the application has been denied, or, if granted, until the cause has been determined by the Supreme Court.