# RUSSO *v.* UNITED STATES

No. A–159.   Decided August 16, 1971

MR. JUSTICE DOUGLAS, Circuit Justice.

Applicant has been sentenced in a civil contempt proceeding for refusal to answer questions before a grand jury.  Judge Barnes of the Court of Appeals for the Ninth Circuit issued a stay until August 9, 1971, to permit an application for a further stay to this Court.  MR. JUSTICE BLACK continued the stay until August 16, 1971, so that I would have time to consider the matter at my home in Goose Prairie, Washington.

I have gone over the application and the opposition filed by the United States, and I deny the stay.

The principal question sought to be raised concerns the standing of grand jury witnesses, under the Omnibus Crime Control and Safe Streets Act of 1968, to raise the question whether the appearance and examination of a witness before a grand jury resulted from illegal electronic surveillance.*

---

*Title 18 U. S. C. § 2515 provides:

"Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing,

The question is an important one on which there seems to be conflict among the Circuits. Compare *In re Evans,* 146 U. S. App. D. C. 310, 452 F. 2d 1239, and *In re Egan,* 450 F. 2d 199 (CA3) (both holding that a grand jury witness has standing to object to illegal wiretaps), with *Bacon* v. *United States,* 446 F. 2d 667 (CA9), and *United States* v. *Parnas,* 443 F. 2d 837 (CA9) (to the contrary). But in this case, the United States represented to the District Court that "no wiretaps of any kind were used in this case." Applicant, so far as I can ascertain, did not present any evidence of or indicate probable cause for believing (or even suspecting) that his wires had been tapped or that wires of others had been tapped with the result that his privacy had been implicated. There must be some credible evidence that the prosecution violated the law before ponderous judicial machinery is invoked to delay grand jury proceedings.

Denied.

*It is so ordered.*

---

or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter."

Title 18 U. S. C. § 2518 (10) (a) provides, in part:

"Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that—

"(i) the communication was unlawfully intercepted;

"(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or

"(iii) the interception was not made in conformity with the order of authorization or approval."