**In the Matter of the Subpoena to Testify Before the Grand Jury addressed to Martin S. Weg, DDS.**

**Martin S. WEG, DDS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 71-2216.**

United States Court of Appeals,
Ninth Circuit.

Sept. 2, 1971.

---

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F. 2d 966.

See, also, D.C., 329 F.Supp. 433

Frank S. Pestana (argued), of Kidwell & Pestana, Los Angeles, Cal., for appellant.

Richard L. Rosenfield, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, KOELSCH, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Martin S. Weg appeals from a district court order, entered pursuant to 28 U.S.C. § 1826, committing him to jail for civil contempt upon his refusal to produce medical records before a federal grand jury. Such refusal came after Weg had first declined to produce the records on the ground they might tend to incriminate him, following which the district court had granted him immunity under 18 U.S.C. §§ 6002 and 6003 and had ordered Weg to produce the records before the grand jury.

On this appeal, Weg argues: (1) Under the Fifth Amendment privilege against self-incrimination, testimony may not be compelled in the face of a claim of the privilege, however broad the immunity which is granted; and (2) the "use" immunity here granted under 18 U.S.C. §§ 6002 and 6003 does not provide protection commensurate with the self-incrimination clause of the Fifth Amendment, and testimony may not be compelled thereunder where the privilege is claimed.

■ The first of these arguments is foreclosed by decisions of the Supreme Court. See Reina v. United States, 364 U.S. 507, 514, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960); Ullmann v. United States, 350 U.S. 422, 429–431, 76 S.Ct. 497, 100 L.Ed. 511 (1956). See also Carter v. United States, 417 F.2d 384, 387 (9th Cir. 1969).

■ The second argument has been considered and rejected in several recent Ninth Circuit cases. See In re Bacon v. United States, 446 F.2d 667 (9th Cir. June 24, 1971); Charleston and Herlicy v. United States, 444 F.2d 504 (9th Cir. June 16, 1971); Stewart and Kastigar v. United States, 440 F.2d 954 (9th Cir. 1971), cert. granted May 17, 1971, 402 U.S. 971, 91 S.Ct. 1668, 29 L.Ed.2d 135.

While Weg invites us to reexamine the holdings of the Supreme Court and this court in the above-cited cases, we decline to do so. The problem is already before the Supreme Court in the Stewart and Kastigar case.

The order under review is affirmed. A petition for rehearing will not be entertained.

Counsel for appellant has advised the court that in the event of affirmance, appellant would apply for a writ of certiorari. Issuance of the mandate herein is therefore stayed thirty days to enable appellant to apply for a writ of certiorari. If a timely application for such a writ is filed, the stay shall remain in effect until the application has been denied or, if granted, until the cause has been determined by the Supreme Court.