**In the Matter of Patricia GRUMBLES and Donald Bruce Grumbles, Appellants.**

**No. 71-2100.**

United States Court of Appeals, Third Circuit.

Argued Dec. 17, 1971.

Decided Dec. 20, 1971.

Edward Carl Broege, Ball, Broege, Fogel & Weinglass, Newark, N. J., for appellants.

Robert L. Keuch, Chief Appellate and Civil Litigation Section, Internal Security Div., Dept. of Justice, Washington, D. C., for appellee.

Before BIGGS, VAN DUSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal arises from judgments of civil contempt entered pursuant to 28 U.S.C. § 1826 against Patricia Grumbles and Donald Bruce Grumbles by the United States District Court for the District of New Jersey. Patricia Grumbles and Donald Bruce Grumbles appeared on September 24, 1971, before a federal grand jury convened in Camden, New Jersey, but refused to answer any questions beyond a statement of their names and addresses. The principal

reasons asserted by the Grumbles for their refusal to answer further questions were that the answers might tend to incriminate them and that the questions were improper and represented the product of illegal electronic surveillance.[1] After the Grumbles refused to answer questions before the grand jury, the United States Attorney applied to the district court for a grant of immunity from prosecution pursuant to 18 U.S.C. § 2514.[2] An immunity hearing was held in the district court on November 17, 1971.[3] At this hearing counsel for the Grumbles argued that the Government had not satisfied its burdens under the terms of the immunity statute, 18 U.S.C. § 2514, and that the Government had not satisfactorily demonstrated that the grand jury questions which the Grum-

bles had refused to answer were not based upon illegal electronic surveillance. On the latter point, counsel for the Government responded with the following assurance:

"[W]e are prepared to assure your Honor as we have done in the Brief, that neither of these witnesses has [sic.] the subject of any electronic surveillance within the knowledge of the United States government, nor have any premises over which they have any proprietary interest been the subject of any electronic surveillance, and they have not been overheard in any way at any time in electronic surveillances, either legal or illegal, within the knowledge of the United States government." [4]

---

1. The witnesses had requested, but were not allowed, to have their counsel present in the grand jury room, although they were allowed to consult with counsel in an adjoining room upon request to be excused for this purpose.

2. "§ 2514. Immunity of witnesses

"Whenever in the judgment of a United States attorney the testimony of any witness, or the production of books, papers, or other evidence by any witness, in any case or proceeding before any grand jury or court of the United States involving any violation of this chapter or any of the offenses enumerated in section 2516, or any conspiracy to violate this chapter or any of the offenses enumerated in section 2516 is necessary to the public interest, such United States attorney, upon the approval of the Attorney General, shall make application to the court that the witness shall be instructed to testify or produce evidence subject to the provisions of this section, and upon order of the court such witness shall not be excused from testifying or from producing books, papers, or other evidence on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture. No such witness shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, nor shall testimony so compelled be used as evidence in any criminal proceeding (except in a proceeding describ-

ed in the next sentence) against him in any court. No witness shall be exempt under this section from prosecution for perjury or contempt committed while giving testimony or producing evidence under compulsion as provided in this section."

3. On October 12, 1971, counsel for the Grumbles filed three motions in the district court, alleging that the matters under investigation were beyond the scope of the immunity statute and that the Grumbles had been denied their Sixth Amendment right to counsel before the grand jury and moving for disclosure of electronic surveillance prior to consideration of the Government's applications for immunity orders. The Government filed such applications in the district court on October 13, 1971.

4. N.T. 42. See also N.T. 43. The United States Attorney volunteered to make this statement under oath but the district court considered this unnecessary without objection by counsel for the Grumbles. N. T. 44. At this court's suggestion, an affidavit dated December 16, 1971, has been filed with the district court, for certification to this court as a supplemental record, which contains this language in paragraph 7:

"I reassert on the basis of information and belief that a review of the records of the Department of Justice reveals that Donald Bruce Grumbles and Patricia Catherine Grumbles were never the subjects of direct electronic surveillance nor were any of their conversations monitored by any electronic device to the knowledge of any Federal agency, nor

At the conclusion of the hearing, the district court granted the Government's applications for grants of immunity and ordered both Patricia Grumbles and Donald Bruce Grumbles to answer the questions put to them by the United States Attorney before the grand jury. The Grumbles then decided, after consultation and discussions with their attorney, to waive further appearance before the grand jury and to stipulate that if called to appear before the grand jury they would again refuse to answer the questions asked of them on September 24, 1971, on the grounds stated in the transcript of that proceeding and the additional grounds stated by their attorney in opposition to the Government's application for the grant of immunity.[5] As a result of the parties' stipulations, the district court found the Grumbles in contempt of the court's order and ordered each of them committed to the custody of the United States Marshal for the life of the Camden grand jury or until such time as each purges himself or herself of contempt.[6] The Grumbles filed a notice of appeal to this court on November 19, 1971.[7]

On appeal counsel for the Grumbles raises, inter alia, the following issues:

(1) Whether the Government has satisfied the requirements of the immunity statute, 18 U.S.C. § 2514, and specifically whether the record in this appeal establishes that the grand jury proceeding of September 24, 1971, falls within the scope of 18 U.S.C. § 2514 in that the questions asked of the Grumbles at this proceeding relate to violations of offenses enumerated in 18 U.S.C. § 2516, particularly to violations of 18 U.S.C. § 793;[8]

(2) The possible application of 18 U.S.C. § 2515 to preclude the questioning of the Grumbles before the grand jury without a greater showing by the Government of the absence of illegal government surveillance; and

(3) The right of a witness before a grand jury to have counsel present in the grand jury room during his questioning.

Since 18 U.S.C. § 2514 authorizes the grant of immunity to any witnesses in cases involving any of the offenses enumerated in 18 U.S.C. § 2516, appellants contend that the only such offense involved in these applications is possibly 18 U.S.C. § 793. We have been provided by the parties with a transcript of the questions asked the Grumbles at the September 24, 1971, grand jury proceeding. Our review of these questions indicates that the grand jury's investigation does appear to extend to possible violations of 18 U.S.C. § 793, particularly subsection (e), so that the

---

has there been electronic surveillance on premises which were known to have been owned, leased, or licensed by them."

5. N.T. 66–67. The Grumbles and the Government also stipulated that the transcript of the proceedings before the federal grand jury on September 24, 1971, as introduced into evidence, is accurate and that the transcript sets forth all the questions and responses of the Grumbles. N. T. 66.

6. The district court stayed the execution of the order relating to Patricia Grumbles upon the condition that she file a notice of appeal on or before November 19, 1971, which notice was filed. Donald Bruce Grumbles was already in federal custody in connection with another matter.

7. On November 29, 1971, the Government moved this court for an immediate dis-

position of the appeal pursuant to 28 U.S.C. § 1826(b). On December 6, 1971, Chief Judge Seitz ordered an expedited briefing schedule and argument was presented last week. Since this opinion is filed on December 20, 1971 (December 19 falling on a Sunday), the 30-day appeals period specified in 28 U.S.C. § 1826(b) has been satisfied. The Grumbles had notice of the Government's position on this appeal by at least October 13, 1971. See footnote 3, *supra.*

8. The approval of Mr. Wilson, Assistant Attorney General for the Criminal Division was given to the immunity application in accordance with 28 C.F.R. 0.175 (b)—see 18 U.S.C. § 2514—on or before September 24, 1971, approximately three weeks before his resignation effective October 15, 1971.

**122**

Government's application for a grant of immunity under 18 U.S.C. § 2514 was properly granted by the district court. See Marcus v. United States, 310 F.2d 143 (3d Cir. 1963), cert. denied, 372 U.S. 944, 83 S.Ct. 933, 9 L.Ed.2d 969 (1963). Furthermore, we are unpersuaded by the Grumbles' argument that even if the grant of immunity is upheld, the district court should be instructed to amend its immunity order to require the Grumbles to answer only questions related to 18 U.S.C. § 793. Once the Grumbles are granted immunity pursuant to 18 U.S.C. § 2514, they obtain full immunity as to everything arising out of that inquiry, including acts which might constitute a violation of other statutes under investigation. As stated in *Marcus, supra* (310 F.2d at 146–147), "The immunity is as extensive as the testimony." [9] In Re Grand Jury Investigation of Giancana, 352 F.2d 921 (7th Cir.), cert. denied, 382 U.S. 959, 86 S.Ct. 437, 15 L.Ed.2d 362 (1965).

■ Counsel for the Grumbles has also argued that the Government has not made a sufficient showing that the questioning of the Grumbles by the grand jury is not the product of electronic surveillance proscribed by the Constitution and 18 U.S.C. § 2515. As indicated above, counsel for the Government assured the district court that neither of the Grumbles nor any premises over which they have any proprietary interest has been the subject of any electronic surveillance at all, legal or illegal, and this assurance has been restated in affi-

davit form.[10] The Grumbles have not presented any evidence demonstrating that these representations by the Government are false, and this contention is rejected. In Re Idella Marx, 451 F.2d 466 (1st Cir., 1971); Russo v. United States, 404 U.S. 1209, 92 S.Ct. 4, 30 L.Ed.2d 13 (1971) (Douglas, J., sitting as Circuit Justice).[11] See United States v. Egan, 450 F.2d 199 (3d Cir., 1971), cert. granted, 404 U.S. 990, 92 S.Ct. 531, 30 L.Ed.2d 541 (1971).

■ Finally, the Grumbles argue that the Sixth Amendment dictates that they have the right to have their counsel present in the grand jury room during questioning. We find this claim to be without merit. See Rule 6(d), F.R.Crim.P.; In Re Groban, 352 U.S. 330, 333, 77 S.Ct. 510, 513, 1 L.Ed.2d 376 (1957), where the Court said: "A witness before a grand jury cannot insist, as a matter of constitutional right, on being represented by his counsel. . . ." See also Gollaher v. United States, 419 F.2d 520, 523–524 (9th Cir.), cert. denied, 396 U.S. 960, 90 S.Ct. 434, 24 L.Ed.2d 424 (1969); United States v. Corallo, 413 F.2d 1306, 1330 (2d Cir. 1969).

We have considered and reject the other contentions of appellants.

The November 17, 1971, orders committing appellants to federal custody until they purge themselves of the contempt for failure to answer grand jury questions (N.T. 68–69 of Document 12) are affirmed.[12]

9. The court also appropriately noted at p. 148 of 310 F.2d:
"It is of course the task of the government attorneys to ensure that the witness is not given an immunity broader than is necessary and expedient to advance the important objectives of the grand jury's investigation."

10. See p. 3 above and footnote 4 above.

11. Justice Douglas used this language:
"Petitioner, so far as I can ascertain, did not present any evidence of or indicate probable cause for believing (or even a suspicion) that his wires had been tapped or that wires of others had been tapped with the result that his

privacy had been implicated. There must be some credible evidence that the prosecution violated the law before ponderous judicial machinery is invoked to delay grand jury proceedings."

12. We anticipate that appellant Patricia Grumbles will be given another opportunity to answer the questions as contained in the transcript of September 24, 1971, promptly upon the return of the record to the district court before being committed, and that appellant Donald Grumbles would be given a similar opportunity if eligible for release from federal custody (see note 6 above) prior to the discharge of the abovementioned grand jury.