**In the Matter of Leslie BACON, a witness before the Grand Jury, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 71–1825.**

United States Court of Appeals,
Ninth Circuit.

Aug. 28, 1972.

Benjamin Dreyfus (argued), of Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., Jennie Rhine (argued), Oakland, Cal., Jeffrey Steinborn, Jan E. Peterson, Seattle, Wash., for appellant.

---

Robert L. Keuch, Atty. (argued), Garvin Lee Oliver, Richard S. Stolker, Attys., Guy L. Goodwin, Sp. Atty., Robert C. Mardian, Asst. Atty. Gen., Washington, D. C., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, KOELSCH and DUNIWAY, Circuit Judges.

PER CURIAM:

The United States District Court for the Western District of Washington, on May 19, 1971, adjudged Leslie Bacon to be in civil contempt for refusing to obey a prior order of that court to testify before a grand jury then in session. On appeal to this court, one ground urged by Miss Bacon for reversal was that the district court had erred in denying her motion made after three and one-half days of testimony by her before the grand jury, for a hearing to determine if her interrogation was tainted by illegal electronic surveillance of her prior conversations. Following the denial of that motion, and partly because of such denial, Miss Bacon refused to give further testimony before the grand jury. She was thereupon adjudged to be in civil contempt.

We rejected this argument by Miss Bacon on the authority of United States v. Gelbard, 443 F.2d 837, 838 (9th Cir. 1971), which held that a grand jury witness lacks standing to raise such a question as a basis for refusing to testify. Bacon v. United States, 446 F.2d 667, 668 (9th Cir. 1971).

The Supreme Court thereafter reversed *Gelbard.* Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). On the basis of its decision in *Gelbard* and in the companion case of United States v. Egan, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972), the Supreme Court also reversed our decision in *Bacon,* referred to above. Bacon v. United States, 408 U.S. 915, 92 S.Ct. 2501, 33 L.Ed.2d 328 (1972), and remanded the cause to this court for further consideration in light of its decision in *Gelbard* and *Egan.*

The Supreme Court decision in *Gelbard* and *Egan* establishes the proposition that a grand jury witness has standing to challenge the propriety of grand jury interrogation on the ground that such interrogation is based upon the prior illegal interception of the witness' communications. The Supreme Court there made it clear that such a witness may invoke the procedure prescribed in 18 U.S.C. § 3504(a)(1), by claiming that the witness' testimony is inadmissible because it is the primary product of an unlawful act, namely an illegal interception, or because it was obtained by the exploitation of such an unlawful act. As provided in section 3504(a)(1), where a witness invokes such a procedure, it becomes the duty of the opponent of the claim (here the Government) to affirm or deny the occurrence of the alleged unlawful act.

Miss Bacon substantially followed this procedure during the grand jury proceedings, by filing a motion alleging that there had been illegal interceptions and requesting a hearing to ascertain the facts. While this motion was not filed until Miss Bacon had testified for three and a half days, she asserts that the delay was due to the fact that it took that long for her to perceive that her interrogation before the grand jury must be based upon information obtained through prior electronic surveillance. We find nothing in section 3504 which precludes a grand jury witness from invoking that procedure at any time during the interrogation.

Instead of responding to this claim by affirming or denying the occurrence of the alleged unlawful act, as required by section 3504(a)(1), the Government opposed Miss Bacon's motion, and it was denied. Had the Government made the required response, and had such response indicated that there had been prior electronic survillance of Miss Bacon's communications, then she would have been entitled to a hearing of the kind prescribed in Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L. Ed.2d 176 (1968), altered to conform to

**1198**

the provisions of section 3504(a)(2) and (3), as noted in Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179, note 17.

Since the Government did not follow the procedure prescribed in section 3504(a)(1), Miss Bacon was entitled to refuse to give further grand jury testimony. As before indicated, she did so refuse, partly on that ground. It follows that Miss Bacon should not have been adjudged to be in civil contempt, and we accordingly set aside that adjudication.

No purpose will be served in remanding this cause to the district court for a determination, at this late date, of whether there was, in fact, illegal electronic surveillance upon which the interrogation of Miss Bacon was based. It is unlikely that the grand jury before which she testified is still in existence. In any event, her refusal to testify was properly based upon the Government's failure to follow the section 3504(a)(1) procedure, and a determination now that there was no illegal interception would not affect the propriety of her refusal to testify in May, 1971.

Reversed.