In the Matter of James N. Chalmas, also known as Ted Sharliss, Witness before Special Grand Jury.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James N. CHALMAS, Defendant-Appellant.**

**No. 71-2997.**

United States Court of Appeals, Ninth Circuit.

Oct. 10, 1972.

William L. Osterhoudt (argued), of Singer, Marquette & Osterhoudt, San Francisco, Cal., for defendant-appellant.

Jack O'Donnel, Atty., Dept. of Justice (argued), San Francisco, Cal., for plaintiff-appellee.

Before BROWNING, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM.

Chalmas was called before a special United States grand jury to testify regarding possible violations of federal gambling laws (18 U.S.C. § 1955). He refused to testify on Fifth Amendment grounds. After being granted transactional immunity (18 U.S.C. § 2514), Chalmas was again called before the grand jury, and after answering a number of questions refused to testify further, claiming that the questions were

derived from illegal wiretapping of his telephone conversations. The Government requested the district court to find Chalmas in civil contempt and commit him to custody under the provisions of 28 U.S.C. § 1826. Although conceding that there had been electronic surveillance of Chalmas, the Government claimed that such surveillance had been pursuant to lawful court order under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2518.

In defense to the contempt proceeding, Chalmas filed a motion to suppress based on the Fourth Amendment and sections 2515, 2518(10) (a), and 3504 of title 18 of the United States Code. He argued that (1) the wiretap provisions of the Omnibus Crime Control Act, 18 U.S.C. § 2518, were unconstitutional; and (2) even if they were not, the authorization order was given without probable cause, was overbroad, and was not followed by the surveilling agents, in violation both of the statute and of the Fourth Amendment. Chalmas asked that he be given a full hearing, and that the Government be required to produce, in connection with such hearing, all applications and orders by which the alleged court authorization had been obtained, so that the legality of the wiretaps in question could be determined. In response, the Government contended that (1) Chalmas lacked standing to raise these defenses, and (2) in any case, he had waived any such right by answering the questions that he did.

Reaching only the question of standing, the district court held Chalmas in contempt. In doing so, it relied on this circuit's opinion in United States v. Gelbard, 443 F.2d 837 (9th Cir. 1971), which was subsequently reversed by the Supreme Court, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972) (No. 71–110). On appeal, this court affirmed, but stayed its mandate pending the Supreme Court's decision in *Gelbard, supra.*

In reversing our *Gelbard* opinion, the Supreme Court removed the sole ground for both the district court's contempt finding and our affirmance in the present case—Chalmas' lack of standing. Furthermore, unlike Bacon v. United States, 466 F.2d 1196 (9th Cir. 1972), the Government here apparently complied with the requirement of 18 U.S.C. § 3504(a) (1) that it "affirm or deny the occurrence of the alleged unlawful act." By contending that its surveillance was lawful, it denied the use of an illegal wiretap. We therefore vacate the judgment and remand the case to the district court for consideration of the issues not yet reached, including "whether . . . [Chalmas] may refuse to answer questions if the interceptions of . . . [his] conversations were pursuant to court order," a question "for the District Court in the first instance." See Gelbard v. United States, *supra*, 408 U.S. 41, 61 n. 22, 92 S.Ct. 2357 (1972) (No. 71–110).

Vacated and remanded for further proceedings.