**UNITED STATES of America, Petitioner-Appellee,**

v.

**Karen DUNCAN, Respondent-Appellant.**

**No. 72–1146.**

United States Court of Appeals, Ninth Circuit.

Dec. 5, 1972.

H. Peter Young (argued), Venice, Cal., Barrett S. Litt (argued), Los Angeles, Cal., W. Edward Morgan, Tucson, Ariz., Melvin Wulf, ACLU, New York City, Laurence R. Sperber, ACLU of Southern California, Los Angeles, Cal., for respondent-appellant.

George Calhoun, Atty. (argued), Robert Keuch, Atty., William M. Piatt, Atty., Robert C. Mardian, Asst. Atty. Gen., Washington, D. C., Ann Bowen, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Tucson, Ariz., for petitioner-appellee.

Before DUNIWAY, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

On October 10, 1972, 409 U.S. 814, 93 S.Ct. 161, 34 L.Ed.2d 72, the Supreme Court granted certiorari in this case, vacated our prior decision (United States v. Duncan, 9 Cir., 1972, 456 F.2d 101) and remanded the case to us for further consideration in the light of Gelbard v. United States, 1972, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179. In *Gelbard* the Court held that a witness called before a grand jury does have standing to challenge the propriety of questions put to the witness on the ground that the questions are based upon the prior illegal electronic interception of the witness' communications. The Court held that such a witness may invoke the procedure prescribed in 18 U.S.C. § 3504(a)(1). Where a witness does so, it is then the duty of the opponent of the claim, the government, to affirm or deny the occurrence of the alleged unlawful acts.

In this case the government stood upon the proposition that the witness Duncan had no standing to raise the question and declined to affirm or deny the occurrence of the alleged unlawful act. Because the government did not follow the procedure prescribed, the witness Duncan was entitled to refuse to give further grand jury testimony. It follows that she should not have been held to be in contempt and we accordingly set aside that adjudication.

For the reasons stated by this court in Bacon v. United States, 9 Cir., 1972, 466 F.2d 1196, no purpose will be served by remanding this case to the district court for a determination of whether there was in fact illegal electronic surveillance. In this case the grand jury was impanelled on April 7, 1971, for an 18-month period. That period has expired. However, even if the life of the grand jury has been extended, Duncan's refusal to testify was properly based on the government's refusal to follow the section 3504(a)(1) procedure, and a determination now that there was no illegal interception would not affect the propriety of her refusal to testify in January of 1972.

Reversed.

KILKENNY, Circuit Judge, concurs in the result.