**UNITED STATES of America, Appellee,**

v.

**Paul A. BOE, Appellant.**

**No. 73–1917.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1974.

Decided Jan. 16, 1974.

Kenneth E. Tilsen, St. Paul, Minn., for appellant.

William F. Clayton, U. S. Atty., R. D. Hurd and David D. Ginapp, Asst. U. S. Attys., Sioux Falls, S. D., for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellant, Paul A. Boe, a Lutheran minister, was found in contempt of court pursuant to 28 U.S.C. § 1826 for refusing to answer certain questions directed to him by a Grand Jury investigation of the Wounded Knee incident. He was ordered confined until he answers the Grand Jury's question or until the Grand Jury's term expires.

The appellant makes the following arguments on appeal:

1. The appellant was entitled to a trial by jury on the contempt charge.

2. He was deprived of due process in that he was not given adequate notice of the contempt hearing and was not given an opportunity to present argument at the contempt hearing.

3. The government's affidavits denying the appellant's claims of illegal electronic surveillance were insufficient and, therefore, the appellant's claims constitute a defense to the contempt charges.[1]

4. The Grand Jury sought information which had been conveyed to him in the course of a confidential communication; and as a clergyman, he has a privilege to refuse to disclose this information.[2]

5. The government was improperly using the vehicle of the Grand Jury to gather evidence against those already indicted.[3]

■ We hold that the appellant was not entitled to a jury trial. This is clearly a case of civil contempt. Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); Bacon v. United States, 446 F.2d 667 (9th Cir. 1971), vacated on other grounds, 408 U.S. 915, 92 S.Ct. 2501, 33 L.Ed.2d 328 (1972); United States v. Handler, 476 F.2d 709 (2nd Cir. 1973).

■ We hold that the appellant was denied the due process requirements of notice and a meaningful opportunity to present his defense. Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972); Groppi v. Leslie, 404 U.S. 496, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972); Shillitani v. United States, supra; United States v. Alter, 482 F.2d 1016 (9th Cir. 1973).

We express no opinion as to the merits of appellant's other contentions.

Judgment of contempt reversed.

ROSS, Circuit Judge (concurring in part).

I agree that this is a civil contempt proceeding and that no jury trial was required. I do not agree that appellant was denied the due process requirements of notice and a meaningful opportunity to be heard.

There is no question that Dr. Boe knew as early as November 21, 1973, that he was going to have to answer the questions posed or show cause why he should not be held in contempt. He was given notice 10 days prior to the December 14, 1973, hearing on whether or not he would be excused from testifying. After that hearing he was given another opportunity to answer the questions and he declined. That afternoon the contempt proceedings were had. To say that Dr. Boe did not have adequate notice to comport with due process requirements under these circumstances

---

1. For example, see United States v. Alter, 482 F.2d 1016 (9th Cir. 1973); Beverly v. United States, 468 F.2d 732 (5th Cir. 1972).

2. For example, see Proposed Federal Rules of Evidence Rule 506, 56 F.R.D. 183, 247

(1972); Mullen v. United States, 263 F.2d 275 (D.C.Cir. 1958); In re Verplank, 329 F.Supp. 433 (C.D.Calif.1971).

3. For example, see Beverly v. United States, supra; In re Schofield, 486 F.2d 85 (3rd Cir. 1973).

flies in the face of the realities of the situation.

In my opinion there was a meaningful opportunity to present his defense. The only deficiency that I can perceive at this point is that the affidavits of the government were insufficient on the question of possible electronic surveillance in that they did not pertain to all telephone numbers listed in Boe's affidavit. It would also have been preferable to have the affidavit executed by the appropriate Department of Justice official rather than an Assistant U. S. Attorney.

I find no merit in the other contentions of Dr. Boe hereinbefore set forth in the majority opinion unless it is proved that there has been electronic surveillance.