**In re Grand Jury Witnesses Angie Long VISITOR et al.**

United States District Court,
D. South Dakota.

Sept. 24, 1975.

Kenneth E. Tilsen, St. Paul, Minn., Alfredo Pena, Denver, Colo., for the two Long Visitors.

John N. Gridley, III, Sioux Falls, S. D., for Joanna LeDeaux.

R. D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for the government.

*Memorandum Opinion*

BOGUE, District Judge:

On September 2, 1975, the three above-named witnesses refused to give testimony before the Grand Jury sitting at the United States Courthouse and Federal Building, Rapid City, South Dakota, concerning the deaths of Ronald Williams, Jack Coler and Joseph Stuntz near Oglala, South Dakota, on the Pine Ridge Indian Reservation on June 26, 1975. This Court gave the witnesses from September 2, 1975, until September 17, 1975, to prepare any possible defense and to appear September 17, 1975, to show just cause why they should not testify before the Grand Jury concerning the June 26, 1975, deaths on the Pine Ridge Reservation. On September 17, 1975, this Court upon full hearing and careful consideration, found that no

just cause existed to justify the witnesses refusal to give what information they may have to the Grand Jury. This Court granted immunity to each of the witnesses pursuant to 18 U.S.C. §§ 6002 and 6003. The witnesses were again ordered by this Court to appear before the Grand Jury and testify. The witnesses again appeared before the Grand Jury and refused to testify. This Court gave the witnesses from September 17, 1975, to September 22, 1975, to prepare possible defenses and to appear on September 22, 1975, to show just cause why they should not be held in civil contempt under 28 U.S.C. § 1826. On September 22, 1975, after full hearing and upon careful consideration of all motions presented by the witnesses, and upon careful consideration of the legal authorities and argument presented by both parties, this Court found the witnesses in contempt pursuant to 28 U.S.C. § 1826 and ordered their confinement until such time as the witnesses are willing to give testimony or provide such information as they may have.

Upon order of confinement counsel for the witnesses moved for stay of confinement and release on bond pending appeal. Stay of confinement for Joanna LeDeaux and Ivis Long Visitor was denied. Stay was granted to Angie Long Visitor until noon of September 29, 1975, to allow her time to make arrangements for the care of her children.

In support of their motion for release on bond pending appeal, counsel for the witnesses urged that 18 U.S.C. § 3148 and the standard contained therein applies. Counsel for the witnesses also argued that action taken by the Eighth Circuit Court of Appeals in *United States of America v. Bernard Bravo Escamilla*, 75–1398 (June 20, 1975), dictates that this Court must release the witnesses on bond pending appeal. This Court disagrees on both points.

■■ The short answer is that the Bail Reform Act, *by its terms,* is inap-

plicable to this case. By 18 U.S.C. § 3152(2), the act applies to persons charged with an offense, which is defined to mean "any *criminal* offense, . . . which is in violation of the Act of Congress and is triable in any court established by Act of Congress." (Emphasis added.) *United States v. Fogel,* 395 F.2d 291 (4th Cir. 1968). Even though this Court provided these witnesses with the full due process requirements of notice and a meaningful opportunity to present their defense as required by Rule 42 of the Federal Rules of Criminal Procedure, *United States v. Boe,* 491 F.2d 970 (8th Cir. 1974); *United States v. Alter,* 482 F.2d 1016, 1023 (9th Cir. 1973); it is the judgment of this Court that confinement pursuant to 28 U.S.C. § 1826 is a civil penalty to which 18 U.S.C. § 3148 has no application. The witnesses in this case are confined under 28 U.S.C. § 1826 which provides a *civil* penalty for refusal to testify before the Grand Jury "without just cause shown." Confinement under 28 U.S.C. § 1826 does not involve a criminal offense and therefore is not punitive. Thus, 18 U.S.C. § 3148 does not apply. The witnesses who have refused to answer Grand Jury questions have the power to secure their own release from confinement by agreeing to testify and give what information they have, if any. *In re Persico,* 491 F.2d 1156 (2nd Cir. 1974).

■ The proper standard to apply in determining whether a person confined pursuant to 28 U.S.C. § 1826 is released on bail pending appeal is set out in paragraph (b) of that statute:

No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay.

In determining whether the witnesses should be granted bail, this Court care-

**448**

fully scrutinized its rulings in this case in light of established legal authority applicable to each ruling with a careful eye toward the possibility of error. This Court finds that based upon existing case law, the possibility that this Court erred in applying that law is *de minimus*. *Beverly v. United States,* 468 F.2d 732, 741 n. 13 (5th Cir. 1972). Additionally, the witnesses have failed to show the likelihood of their prevailing on the merits on appeal. In the opinion of this Court, granting the stay will be detrimental to the public interest. Approximately three months ago three young men were brutally killed on the Pine Ridge Indian Reservation. The public has a right to know what happened, and if possible, why it happened. As the United States Supreme Court stated in *Blair v. United States,* 250 U. S. 273, 281, 39 S.Ct. 468, 471, 63 L.Ed. 979 (1919):

. . . it is clearly recognized that the giving of testimony and the attendance upon court or grand jury in order to testify are public duties which every person within the jurisdiction of the government is bound to perform upon being properly summoned . . .. The personal sacrifice involved is part of the necessary contribution of the individual to the welfare of the public. The duty, so onerous at times, yet so necessary to the administration of justice . . . in our system of government . . . *See also United States v. Bryan,* 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L. Ed. 884 (1950); *Blackmer v. United States,* 284 U.S. 421, 438, 52 S.Ct. 252, 255, 76 L.Ed. 375 (1932); *Branzburg v. Hayes,* 408 U.S. 665, 688, 92 S.Ct. 2646, 2660, 33 L.Ed.2d 626 (1972); *United States v. Dionisio,* 410 U.S. 1, 10, 93 S.Ct. 764, 769, 35 L.Ed.2d 67 (1973); 8 J. Wigmore, Evidence § 2192 (McNaughton rev. 1961).

For all of the above reasons it appears that the witnesses' appeal from their order of confinement under 28 U.S.C. § 1826 is frivolous and taken only for the purpose of delay, therefore, the requests of Angie Long Visitor, Ivis Long Visitor, and Joanna LeDeaux for bail pending appeal should be and hereby is denied.