**Ronald JENNINGS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9413.**

District of Columbia Court of Appeals.

Submitted Dec. 16, 1975.

Decided March 26, 1976.

Thomas W. Farquhar, Washington, D. C., appointed by this court, for appellant. Clifford P. Brown, Washington, D. C., also appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, Richard W. Tynes, Jr., John L. Gizzarelli, Jr., John C. Martin, and Michael A. Pace, Asst. U. S. Attys., were on the brief for appellee.

Before NEBEKER, HARRIS and MACK, Associate Judges.

NEBEKER, Associate Judge:

Appellant has been committed for contempt arising from his steadfast refusal to comply with court orders to supply a handwriting exemplar.[1] He appeared unconcerned when told by the trial court judge that he [appellant] held the "keys to the jail house in his pocket". Appellant's reply was: "You might as well get my bed, and put it down there . . . . I ain't got nowhere to go; I got 18 years—* * * You better try something better than that. That ain't going to work either." Not-

---

1. *See Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

withstanding the apparent ineffectiveness of the contempt commitment, he appeals on the narrow point that Super.Ct.Cr.R. 42(b) procedures for formal notice and hearing in criminal contempt cases were required. We hold that the commitment for failure to comply with the final order given in open court is valid as a coercive, not as a punitive, measure.

Appellant correctly observes in his Brief at 6:

> The distinction between civil and criminal contempt stems from the purpose sought to be achieved . . . ; that is, whether it is to vindicate society's interest in the orderly administration of justice and is thus criminal in nature, or whether it is to coerce an action and is thus civil in nature. *See Gompers v. Buck['s] Stove and Range Company*, 221 U.S. 418, 442, 31 S.Ct. 492, 55 L.Ed. 797 (1911); *United States v. Mine Workers of America*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *In Re Nevitt*, 117 [F.] 448, 458 ([8th Cir.] 1902) . . . .

He then proceeds on the incorrect premise that his contemptuous refusal was criminal in nature and that confinement was punishment. He argues that this case is controlled by *Harris v. United States*, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), where the contemnor had refused to give testimony before a grand jury, then before the District Court judge and the grand jury on a grant of immunity, and finally before the District Court judge after being sworn.

We do not view *Harris* as requiring reversal and remand of this case for Rule 42(b) procedures. The difference between the two cases is significant. Harris had refused to testify before an arm of the District Court—the grand jury. All agreed—including the Supreme Court—that such refusal was a "criminal contempt" and that the sole issue was whether to punish summarily under Federal Rule of Criminal Procedure 42(a) or after notice and hearing under Federal Rule of Criminal Procedure 42(b). After observing that Rule 42(a) is reserved "for exceptional circumstances", *Brown v. United States*, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609 (1959), such as threats to the judge or disruptive or obstructive conduct during proceedings, the Court held that swearing Harris before the judge was designed only to precipitate contempt before the judge for Rule 42(a) purposes, for it served no other purpose. There was no affront to the dignity of the court, and no disturbance or insolent tactic warranting use of summary process. *See also Eastern Associated Coal Corp. v. John Doe*, 200 S.E.2d 672 (W.Va.Sup.Ct.App., decided Dec. 16, 1975).

While factually there is similarity between the two cases—which misleads appellant into his reliance on *Harris*—the distinction lies in the fact that Harris was sentenced to one year of imprisonment for criminal contempt and the question of punishment for criminal conduct was of foremost concern to the Court, 382 U.S. at 166–67, 86 S.Ct. 352.

In the instant case, no question of criminal contempt appears. Appellant is committed until he obeys a presumptively valid court order. The contemptuous conduct was committed in the presence of the court. *See Groppi v. Leslie*, 404 U.S. 496, 504–05, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972). He does not challenge that order and no valid contention can be made that he did not know what was wanted of him. He refused to comply because he thought he had nothing to lose, and, while that may be true, his refusal to supply a handwriting exemplar amounted to civil contempt[2] for

---

2. *See Shillitani v. United States*, 384 U.S. 364, 368–70, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *Gompers v. Buck's Stove & Range Co., supra*, 221 U.S. at 441, 443, 31 S.Ct. 492.

which he was coercively committed following procedures of utmost regularity.[3]

The order of commitment is

*Affirmed.*

MACK, Associate Judge (concurring):

I reach the same result as my colleagues by a somewhat different route. Appellant was ordered confined until such time as he complies with a presumptively valid court order to produce a handwriting exemplar. Since the order is clearly civil in nature rather than criminal,[1] Rule 42 of the Superior Court Rules of Criminal Procedure is, by its terms, inapplicable. Civil contempt proceedings are, however, subject to the usual due process requirements. *Shillitani v. United States,* 384 U.S. 364, 371, 86 S. Ct. 1531, 16 L.Ed.2d 622 (1966); *In re Oliver,* 333 U.S. 257, 273–75, 68 S.Ct. 499, 92 L.Ed. 682 (1948). One charged with civil contempt must be given adequate notice of the charge and an opportunity to be heard with counsel.[2] A careful review of the record discloses that appellant was af-

forded these procedural safeguards. After twice refusing to submit handwriting exemplars as ordered, appellant was brought before the court, with counsel, and informed that he would be held in contempt if he did not comply with the order on the next day. At a hearing approximately 23 hours later, he refused to obey an order to submit handwriting samples to a police officer present in court. Appellant's counsel objected to the order on procedural grounds and presented detailed legal arguments on the procedural issues involved. There is no indication that he would not have been afforded the same opportunity to present arguments on substantive issues as well, had he requested to do so. Instead, appellant did not attempt to provide any justification for his refusal to obey the order. In the circumstances of this case, there was adequate notice to appellant, reasonable time in which to prepare a defense, and a fair hearing.[3] Accordingly, the procedures employed did not infringe upon appellant's due process rights or his rights under the Superior Court Rules of Criminal Procedure.

3. *See United States v. United Mine Workers of America,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *Gompers v. Buck's Stove & Range Co., supra,* 221 U.S. at 441–43, 31 S.Ct. 492; *In re Persico,* 491 F.2d 1156, 1162 (2d Cir.1974); *Oliett v. Hammonds,* 305 F.2d 565, 569 (5th Cir. 1962).

1. *See Shillitani v. United States,* 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

2. *See In re Oliver, supra; United States v. Boe,* 491 F.2d 970, 971 (8th Cir.1974); *United States v. Handler,* 476 F.2d 709, 712–14 (2nd Cir.1973); *United States v. Weinberg,* 439 F.2d 743, 746–47 (9th Cir. 1971); *In re Bart,* 113 U.S.App.D.C. 54, 60 n. 18, 304 F.2d 631, 637 n. 18 (1962);

*Parker v. United States,* 153 F.2d 66, 70 (1st Cir.1946). *See also Groppi v. Leslie,* 404 U.S. 496, 502–03, 92 S.Ct. 582, 30 L.Ed. 2d 632 (1972); *Cooke v. United States,* 267 U.S. 517, 537, 45 S.Ct. 390, 69 L.Ed. 767 (1925). As a general rule, summary disposition is appropriate only under circumstances in which the contumacious conduct disrupts ongoing proceedings in open court. *See United States v. Wilson,* 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975) (criminal contempt); *Harris v. United States,* 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965) (criminal contempt); *In re Oliver, supra* (civil contempt).

3. *See In re Sadin,* 509 F.2d 1252, 1255–56 (2d Cir.1975); *United States v. Handler, supra; United States v. Weinberg, supra.*