No. 1978, Misc. RUSSELL v. CATHERWOOD, INDUS-
TRIAL COMMISSIONER OF NEW YORK. App. Div., Sup.
Ct. N. Y., 3d Jud. Dept. Certiorari denied.

MR. CHIEF JUSTICE BURGER, with whom MR. JUSTICE
DOUGLAS joins, dissenting.

The Appellate Division of the New York Supreme
Court has interpreted § 593 of the New York Labor
Law as requiring an applicant for unemployment bene-
fits, as a condition to receiving those benefits, to stand
ready to accept suitable employment when tendered,
even though acceptance of the employment would com-
pel him to join a union as to which he has "conscien-
tious objections." The decision of the New York
courts places a burden on the petitioner's freedom of
association—a freedom we have placed on a high, if in-
deed not a "preferred" plane. See NAACP v. Ala-
bama, 357 U. S. 449 (1958). Consequently, this
case may well present important issues that ought to
be decided, particularly if the result of the New York
holding is that a worker must decide between a deeply
felt belief that falls in the First Amendment area, and
crucial unemployment benefits.

The Industrial Commissioner, if we are to place any
weight on his response here, has shown that he con-
siders the petitioner bound to accept a job tender even
when his acceptance requires union membership that
is repugnant to him. It may be that on plenary con-
sideration we would conclude that the Constitution re-
quires the respondent to provide employment that does
not conflict with the worker's freedom of association, as
might be indicated under Sherbert v. Verner, 374 U. S.
398 (1963). In that case we held unemployment bene-
fits could not be denied because of refusal to accept
employment that required a member of the Seventh

Day Adventists to work on her Sabbath. See also *NAACP* v. *Button,* 371 U. S. 415, 438 (1963).

I would grant the writ because I believe that the petitioner has presented a substantial question and possibly one of important constitutional dimensions that warrants plenary—not summary—consideration.