In re John Alexander WOMACK and James Andrew Robinson, Witnesses before the Special February, 1971 Grand Jury.

No. 71 GJ 600.

United States District Court,
N. D. Illinois, E. D.

Oct. 27, 1971.

William J. Bauer, U. S. Atty., Chicago, Ill., for Grand Jury.

Antonio M. Gassaway, Edward J. Calihan, Jr., Chicago, Ill., for both witnesses.

## MEMORANDUM AND ORDER ON MOTION TO VACATE JUDGMENTS OF CONTEMPT AND COMMITMENT

ROBSON, Chief Judge.

These two witnesses before the Special February 1971 Grand Jury move to vacate judgments of contempt and commitment entered against them by this court on May 25, 1971. For the reasons stated below, this court is of the opinion the motion should be denied.

These witnesses invoked the Fifth Amendment in refusing to testify before the grand jury, even though the court had granted them full transactional immunity under 18 U.S.C. § 2514. After these witnesses were adjudged in contempt, they pursued an appeal on Fifth Amendment grounds. That appeal was dismissed as frivolous by the United States Court of Appeals for the Seventh Circuit, and certiorari was denied by the

**480**

Supreme Court. The witnesses now attack their judgments of contempt and commitment, as well as the underlying immunity order, on multiple constitutional grounds.

## THE IMMUNITY ORDER

■ The witnesses claim that they were not afforded full transactional immunity by the court's order pursuant to 18 U.S.C. § 2514. Specifically, they allege that the court lacks jurisdiction under that statute to protect them from prosecution under the Internal Revenue laws. This contention is not supported by the following unequivocal language of the statute itself:

"No such witness [granted immunity under § 2514] shall be prosecuted or subjected to *any* penalty or forfeiture for or on account of *any* transaction, matter or thing concerning which he is compelled * * * to testify or produce evidence * * *." 18 U.S.C. § 2514. (Emphasis supplied.)

There can be no doubt that these witnesses were "immunized" against future prosecution under the Internal Revenue laws insofar as any testimony in these grand jury proceedings is concerned. The immunity order in issue was therefore as broad as the rights of these witnesses against self-incrimination, and the order clearly meets the standards of Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892), and its progeny. Moreover, the witnesses have failed to allege or show that any question or questions propounded by the grand jury were not remotely relevant to any offense enumerated in 18 U.S.C. §§ 2514 or 2516. *Cf.*, Carter v. United States, 417 F.2d 384, 388 (9th Cir. 1969), Cert. den. 399 U.S. 935, 90 S.Ct. 2253, 26 L.Ed.2d 807 (1970); In re Vericker, 446 F.2d 244 (2nd Cir., 1971).

## THE ORDER TO TESTIFY

■■ These witnesses complain that their rights under the Fourth Amendment were compromised by the court's order compelling them to testify and produce evidence because no showing of probable cause has been made by the grand jury. These witnesses rely on the recent decision In re Dionisio, 442 F.2d 276 (7th Cir. 1971) to support their contention that the court's order upon them to testify and produce evidence requested by the grand jury constitutes an unreasonable search within the prohibition of the Fourth Amendment. Reliance on the *Dionisio* decision is misplaced. There, the United States Court of Appeals for the Seventh Circuit held that an order compelling witnesses before a grand jury, appearing without benefit of an immunity order, to furnish voice exemplars for identification purposes was unreasonable. Here, the grand jury has not yet requested these witnesses to produce any physical evidence, rendering their Fourth Amendment objections premature. Nor do these witnesses object to any particular question asked of them as an "unreasonable search." It is beyond question that a grand jury need not establish probable cause merely to subpoena and question witnesses. In re Dionisio, *supra*, at 281. Absent specific showing of an unreasonable search, the court's order directing these witnesses to testify and to produce such evidence as may be requested by the grand jury cannot be said to violate their Fourth Amendment rights.

## ILLEGAL SURVEILLANCE

The witnesses further claim that their rights under the Fourth Amendment were violated because they were subjects of illegal surveillance by the Government. Specifically, they allege that such surveillance either led to the issuance of the subpoenas for their appearance before the grand jury or constituted the source of the United States Attorney's information concerning them. A hearing is requested, so that these witnesses may question agents of the Federal Bureau of Investigation and the Internal Revenue Service "who would have pervasive knowledge of invasions of Fourth Amendment rights by electronic or mechanical devices."

■ The allegation that these witnesses were subjects of illegal surveillance is conclusory and devoid of any factual support. Unlike the situation posed In re Egan, 450 F.2d 199 (3rd Cir., 1971), the United States Attorney has filed a letter stating that a search of the files of the Department of Justice and the Internal Revenue Service discloses no information that these witnesses were at any time overheard by electronic surveillance or that premises known to be owned, leased or licensed by these individuals were subjected to electronic surveillance. Government's Answer, Exhibit A. The witnesses respond that the Government's statement is insufficient. This court does not agree.

■ Even those circuits which afford an evidentiary hearing to a witness who raises the issue whether grand jury questions were the product of illegal surveillance have held that a negative representation, such as that made by the Government here, is sufficient to rebut the conclusory allegation that such surveillance occurred. In re Evans and Fishlowitz, 452 F.2d 1239 (D.C.Cir., 1971); In re Egan, *supra*. Furthermore, the United States Court of Appeals for the Ninth Circuit has held that a grand jury witness lacks standing to challenge the source of the grand jury's information, even be that alleged source illegal surveillance. Russo v. U. S., 448 F.2d 369 (9th Cir., 1971); Bacon v. United States, 446 F.2d 667 (9th Cir., 1971); Carter v. United States, 417 F. 2d 384 (9th Cir. 1969), cert. den. 399 U. S. 935, 90 S.Ct. 2253, 26 L.Ed.2d 807 (1970).

In any event, the United States Court of Appeals for the Seventh Circuit has never authorized wholesale inquiry by a grand jury witness into the source of the grand jury's information concerning him. In view of the Government's representations that these witnesses and their premises were never subjects of electronic surveillance, and in the absence of specific allegations to the contrary, this court is of the opinion that these witnesses lack standing under Al-

derman v. United States, 394 U.S. 165, 185, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), to inquire further by means of an evidentiary hearing. Moreover, the request to question Government personnel "with pervasive knowledge of invasions of Fourth Amendment rights by electronic or mechanical devices" is meaningless in the face of the Government's representations.

### OTHER CONSTITUTIONAL OBJECTIONS

In what can only be characterized as a "shotgun" assault, these witnesses allege that the court's order upon them to testify violates their rights secured under the Third, Sixth, and Ninth Amendments. These contentions are so patently frivolous in view of the facts and record before this court that they do not merit discussion.

### ORDER

It is therefore ordered that the motion to vacate these judgments of contempt and commitment be, and they are hereby denied.