■ In the Matter of RICHARD S. LYNCH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 4, 1973, which affirmed an initial determination of the Industrial Commissioner suspending claimant's benefit rights for seven consecutive weeks effective July 11, 1972 on the ground that he lost his employment because of an industrial controversy in the establishment in which he was employed. Claimant was employed as a brick layer until July 10, 1971 when he was laid off. The referee found that the layoff resulted because the hoisting engineer employed by claimant's employer participated in a strike by the Operating Engineers Union. This made it impossible to take bricks to the upper floors of the building on which the brick layers had been working. The law is well settled that the fact that claimant himself was not a participant in the strike does not relieve him from the suspension imposed by section 592 of the Labor Law (*Matter of Bonaventura* [*Catherwood*], 32 A D 2d 869). The board based its finding that claimant became unemployed due to an industrial controversy on the testimony of various claimants who were working on the upper floors. They stated that they were laid off when they ran out of material which had been stacked there in anticipation of the strike. Thus, the board was entitled to draw the inference that claimant and the other brick layers could have continued working had the hoisting engineer been on the job to take material up to the upper floors where there was work remaining to be done. While claimant contended that his layoff was not caused by the strike and his employer stated that the men were laid off because the job was almost completed, the board was not required to accept either contention. The testimony of the other employees created a question of fact which was properly for the board's determination (*Matter of Rubinstein* [*Catherwood*], 33 A D 2d 950). Claimant's present contention that he should have had an individual hearing is also without

merit. We note that claimant did not make any protest about the joint hearing either before the referee or on appeal to the board. We, therefore, should not consider this contention raised before us for the first time (*Matter of Russell* [*Catherwood*], 33 A D 2d 592; mot. for lv. to app. den. 26 N Y 2d 609, cert. den. 399 U. S. 936). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.