■ In the Matter of the Claim of LYNNE F. GEISER, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 1987, as amended by decision filed May 27, 1988, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause, and charged her with a recoverable overpayment of benefits.

Claimant was an Internal Revenue Service agent who was indicted on Federal felony charges for taking a bribe and resigned. She claimed entrapment, was acquitted and sought unemployment insurance benefits. After receiving $1,620 in benefits, she was found disqualified for criminal misconduct,

misconduct on the job and voluntarily leaving her employment without good cause; the benefits were ruled recoverable. After a hearing, the first two grounds were overruled but the latter ground was sustained and the $1,620 held recoverable. An appeal was taken to the Unemployment Insurance Appeal Board but claimant's representative specifically limited the appeal to whether the benefits were recoverable. The Board affirmed and later, after a *sua sponte* reopening, adhered to its decision, noting that claimant's appeal specifically was limited to the recoverability issue. Claimant appeals.

We are constrained to affirm. The substantive issue of whether claimant had good cause to leave her employment was clearly waived by her representative and cannot be raised for the first time on appeal to this court *(see, e.g., Matter of Lynch [Levine]*, 44 AD2d 866, 867; *Matter of Carasso [Catherwood]*, 23 AD2d 935, 936). Based on the unchallenged finding that claimant was subject to disqualification for voluntarily leaving her employment without good cause, the payments are recoverable (Labor Law § 597 [4]).

Decision affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.