■ In the Matter of the Claim of ARLENE NORMYLE, Respondent. PARFUMS STERN, INC., Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 29, 1988.

Parfums Stern, Inc., a perfume wholesaler, engaged claimant as a fragrance model for a total of 11 weeks during the base period from April 1983 through April 1984. Claimant thereafter applied for unemployment insurance benefits. An audit was conducted for the first quarter of 1982 through the fourth quarter of 1984 and it was determined that claimant and a group of similarly situated models were employees, rather than independent contractors, resulting in an assessment against Parfums. The auditor further determined that Parfums was entitled to a credit for unemployment insurance contributions on wages paid to certain out-of-State sales representatives. An Administrative Law Judge (hereinafter ALJ) conducted a hearing and sustained the Commissioner of Labor's determinations. The findings of the ALJ were adopted by the Unemployment Insurance Appeal Board and this appeal ensued, with Parfums challenging both the assessment and the credit.

Initially, there is substantial evidence in the record to support the finding of the Board that claimant and similarly situated fragrance models were employees of Parfums *(see, Matter of Gentile Nursing Servs. [Roberts],* 65 NY2d 622; *Matter of Whyte [Good Care Nursing Agency—Roberts],* 132 AD2d 758, *lv denied* 70 NY2d 611; *Matter of Affiliate Artists [Roberts],* 132 AD2d 805, *lv denied* 70 NY2d 611; *Matter of Schwartz [Creative Tutoring—Roberts],* 91 AD2d 778). Accordingly, the Commissioner properly made an assessment for additional unemployment contributions on remuneration paid to claimant and other fragrance models. However, we agree

with Parfums that the record is devoid of evidence demonstrating that claimant had a "valid original claim", a prerequisite to entitlement to benefits (see, Labor Law § 590; *Matter of Luxenberg [Hartnett]*, 149 AD2d 778), and that the issue was raised before the Board and has been preserved for our review (cf., *Matter of Estate of Manno v State of N. Y. Tax Commn.*, 147 AD2d 805, *lv denied* 74 NY2d 610; *Matter of Lynch [Levine]*, 44 AD2d 866, 867). As a result, the award of benefits to claimant should have been annulled.

We next turn to the issues surrounding the out-of-State sales representatives. The brief testimony taken on this issue showed that Parfums maintained a force of approximately 50 to 60 out-of-State sales representatives, covering some 30 States. Each sales representative would travel from his home for up to a week or two at a time, calling on retail stores in a territory which could include portions of up to four States. Parfums would fix the sales representatives' schedules and send samples, display units and promotional materials directly to the appropriate retail stores. The representatives had no offices and kept no "tools of their trade" at their homes. Sales orders would be forwarded directly from the retail store to Parfums' New York office. Although the representatives sold no goods in New York, they would come to New York approximately three or four times each year to attend training programs, seminars and informal meetings with sales executives.

To determine whether employment is covered by unemployment insurance in New York, our courts have delineated a multipart test based on Labor Law § 511, the elements of which are to be applied in succession to an employee's entire service, i.e., both within and without this State (see, *Matter of Mallia [Corsi]*, 299 NY 232, 239). The initial inquiry is whether the employee's work is localized in New York (see, Labor Law § 511 [2]). Here, the parties are in agreement that there is no such localization and, because New York is concededly not the employees' base of operations (see, Labor Law § 511 [3] [a]), resort must be had to the next inquiry, whether there is a base of operations in any State in which part of the service is performed (see, Labor Law § 511 [3] [b]; *Matter of Mallia [Corsi]*, *supra*, at 239-240). If there is no such base of operations, the remaining inquiries are whether the service is directed or controlled from New York and, if not, finally, whether the employee resides in New York (see, Labor Law § 511 [3] [b], [c]).

The Board found that the sales representatives did not have

"employment" in New York within the purview of Labor Law § 511 because each had a base of operations outside of New York, i.e., his home. We disagree. The only evidence to support the Board's determination in this regard was the conclusory statement of Parfums' vice-president and comptroller that "[t]hey all work out of their homes", which we take to mean nothing more than that they have no offices, that Parfums telephones the sales representatives' homes to give them schedules of sales calls to be made, and that the sales trips begin and end at the representatives' homes. This evidence is insufficient as a matter of law to support the conclusion that each of the sales representatives had a base of operations in his home. Although we find little guidance in Labor Law § 511 or the few cases decided on the issue, we are of the view that a "base of operations" must involve something more than the place where an employee starts and finishes a business trip and receives occasional telephone calls from his employer, elements which fit comfortably within the definition of "residence". If mere indicia of residence will satisfy the base of operations test, then the remaining statutory factors will never be reached and are thus rendered meaningless. In our view, the evidence clearly showed that the employees had no base of operations in a State in which some part of the service is performed, requiring resort to the third test, whether the employees' service was directed or controlled from New York (see, Labor Law § 511 [3] [b]). The undisputed evidence shows that every aspect of the out-of-State sales representatives' service was directed and controlled from Parfums' New York offices, thereby mandating the conclusion that the employees' entire service, within and without New York, should be covered by unemployment insurance in New York.

Decision modified, without costs, by reversing so much thereof as determined that claimant is eligible for benefits and that the earnings of certain out-of-State sales representatives of respondent Parfums Stern, Inc. are not subject to unemployment insurance contributions in New York, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.