■ In the Matter of the Claim of MAXINE ALLEN, Appellant. COMMISSIONER OF LABOR, Respondent. [741 NYS2d 342] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 2, 2000, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was ineligible to receive unemployment insurance benefits because she did not file a valid original claim.

In October 1996, claimant began working for the employer, a provider of financial information. When she relocated with her spouse to Florida in July 1997, the employer gave her the computer hardware and software necessary to continue performing her job responsibilities in an office located in her new residence. From there, she maintained daily contact with the employer by telephone and e-mail. After her employment was terminated in March 1999, claimant applied for and received unemployment insurance benefits from this state. The Unemployment Insurance Appeal Board, however, found her to be ineligible to receive benefits because she had not been employed within this state during her base period, i.e., during the year preceding the filing of a valid original claim (*see,* Labor Law § 520). Claimant was charged with a recoverable overpayment of benefits on the ground that she had made a willful false statement to obtain benefits when she entered on her April 1999 application that the work she had performed during her base period took place at the employer's address in New York.

Pursuant to the Labor Law, a claimant who has performed some work outside this State during the base period may still be eligible for unemployment insurance benefits from this state provided that the claimant's work was primarily "localized" here (Labor Law § 511 [2]). Work may be deemed "localized" if it is performed both within and outside this state so long as the out-of-state work is "incidental" to the work performed in-State, i.e., if it "is temporary or transitory in nature or consists of isolated transactions" (*id.; see, Matter of Mallia [Corsi— Thorsen & Co.],* 299 NY 232, 239; *Matter of Normyle [Parfums Stern—Hartnett],* 161 AD2d 888, 889).

As to the matter under review, claimant's work cannot properly be construed as "localized" in New York. Although she worked for an employer headquartered in this state, the actual work that she performed for the employer was accomplished in Florida (*see, Matter of Story [Reed, Roberts Assoc.—Catherwood]*, 28 AD2d 1186). Claimant's work was sent to New York over the telephone and the Internet, but only after she performed it in Florida. We conclude that the Board's decision finding claimant ineligible for benefits is supported by substantial evidence as is its assessment of a recoverable overpayment.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.