OPINION OF THE COURT
 

 Read, J.
 

 We are asked to decide whether an employee who regularly works from her out-of-state residence by electronic
 
 *284
 
 linkup to her employer’s workplace in New York is entitled to receive unemployment insurance benefits from New York. We conclude that, under the New York Unemployment Insurance Law (Labor Law art 18), the employee is ineligible for these benefits.
 

 I.
 

 Claimant Maxine E. Allen was employed by Reuters America, Inc., a financial information services provider, as a development technical specialist from October 21, 1996 until March 16, 1999. At the time of hire, she both worked and resided in New York. When claimant relocated to Florida in July 1997 for personal reasons, her employer agreed to allow her to “telecommute”: while physically located in Florida, claimant was linked to her employer’s workplace in New York by Internet connection over the telephone lines.
 

 Claimant established an office in her Florida residence. Claimant’s employer paid for a second telephone line to her home, and supplied her with a laptop computer, software, and an access code and security clearance for its mainframe computer located in New York. Working on the laptop computer from her home office in Florida, claimant would log on to her employer’s mainframe computer each workday. She would monitor the performance of her employer’s financial systems, troubleshoot, and recommend system changes and enhancements, just as she had done when she was physically located in New York.
 

 Claimant was required to be available during normal business hours (8:00 a.m. to 5:00 p.m., Monday through Friday) or after hours as circumstances dictated; to submit time sheets and requests for vacation time; and to call in sick and to seek permission to “come in” late or “leave” early. She maintained daily contact with her supervisor in New York and responded to her employer’s directives by e-mail or telephone. She was required to make weekly status reports to her supervisor in New York, which she submitted electronically. She traveled from Florida to New York only once for two weeks at her employer’s behest.
 

 In March 1999, claimant’s employer elected to end this telecommuting arrangement and offered claimant work in the New York office, which she turned down. On April 5, 1999, claimant filed a claim for unemployment insurance benefits in Florida.
 
 *285
 
 When claimant was found eligible to receive unemployment insurance benefits at the rate of $275 per week, her employer objected, contending that she had voluntarily quit her job without good cause. A claims adjudicator agreed on April 27, 1999, and this decision was affirmed by an appeals referee on June 2, 1999.
 

 In the meantime, on May 5, 1999 the Florida Department of Labor and Employment Security advised claimant that she might qualify for benefits in New York at a weekly rate of $365. Thus prompted, claimant filled out an interstate claim form and filed it on May 11, 1999. Claimant stated on this form that she worked at her employer’s New York address.
 

 On October 7, 1999, the New York Commissioner of Labor issued an initial determination that claimant was ineligible for unemployment insurance benefits, effective April 5, 1999, because she had no covered employment in New York during the base period from April 6, 1998 to April 4, 1999, and thus could not file a valid original claim (see Labor Law §§ 511, 520, 527). Interpreting and applying section 511 of the Labor Law, the Commissioner concluded that claimant’s employment was localized in Florida, where she performed all services for her employer. Further, claimant was charged with a recoverable overpayment of $8,395 for having made a false factual statement on her interstate claim form when she stated that she worked at her employer’s New York address. Claimant appealed.
 

 On February 29, 2000, an administrative law judge, after a telephone conference hearing at which testimony was taken, issued a decision overruling the initial determination.
 
 [1]
 
 The administrative law judge determined that claimant had carried out job responsibilities for her employer simultaneously in New York and Florida; and that she was eligible for unemployment insurance benefits in New York under Labor Law § 511 because her work was directed and controlled from New York. Having found claimant eligible for benefits, the administrative law judge overruled the overpayment determination. Both the employer and the Commissioner of Labor appealed to the Unemployment Insurance Appeal Board.
 

 
 *286
 
 On August 23, 2000, the Board reversed the administrative law judge’s decision and sustained the initial determination of ineligibility. The Board held that claimant did not work in New York within the meaning of section 511 of the Labor Law. Rather, she carried out her job responsibilities entirely within Florida, where she was physically present and maintained an office. The Board also modified the initial determination to reflect that only those payments received by claimant after she completed the interstate claim form on May 11, 1999, which contained the alleged false statement, were recoverable. The Board accordingly referred the matter back to the Commissioner to recalculate the overpayment.
 

 Upon claimant’s appeal, the Appellate Division affirmed, concluding that the Board’s decision was supported by substantial evidence (294 AD2d 685 [3d Dept 2002]). We granted claimant leave to appeal pro se.
 

 II.
 

 Claimant argues that the Board misinterpreted and so misapplied section 511 of the Labor Law when it decided that she was not employed in New York for purposes of entitlement to unemployment insurance benefits. As an initial matter, we reject the Commissioner’s argument that the Board’s interpretation of section 511 is entitled to deference. Where “the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent * * * there is little basis to rely on any special competence or expertise of the administrative agency”
 
 (Matter of Gruber,
 
 89 NY2d 225, 231 [1996]).
 

 Unemployment insurance is temporary income for workers who become unemployed through no fault of their own; are ready, willing and able to work; and have earned sufficient wages during a specified time period in covered employment. Section 511 of the Labor Law, in relevant part, defines “employment” covered by unemployment insurance as follows:
 

 “2. Work localized in state. The term ‘employment’ includes a person’s entire service performed within or both within and without this state if the service is localized in this state. Service is deemed localized within the state if it is performed entirely within the state or is performed both within and without the state but that performed without the state is incidental to the person’s service within the
 
 *287
 
 state, for example, is temporary or transitory in nature or consists of isolated transactions.
 

 “3. Work within and without the state. The term ‘employment’ includes a person’s entire service performed both within and without this state provided it is not localized in any state but some of the service is performed in this state, and
 

 “(a) the person’s base of operations is in this state; or
 

 “(b) if there is no base of operations in any state in which some part of the service is performed, the place from which such service is directed or controlled is in this state; or
 

 “(c) if the base of operations or place from which such service is directed or controlled is not in any state in which some part of the service is performed, the person’s residence is in this state.”
 

 In
 
 Matter of Mallia
 
 (299 NY 232 [1949]), we explained that section 511 sets out four tests — localization, location of base of operations, source of direction or control, and employee’s residence — to be applied successively to an employee’s entire service performed for the employer both within and without the state. We added that the purpose of section 511 “is to bring within the scope of the New York act those employees who work both in New York and one or more other States when the most substantial contacts of the employment are in New York”
 
 (id.
 
 at 238-239).
 

 To that end, the initial inquiry is whether the employee’s entire service for the employer, with the exception of incidental work, is localized in New York or some other state. Here, claimant argues that her entire service was realized, and therefore localized, at her employer’s mainframe computer in New York even though she initiated this service by making keystrokes on her laptop computer in Florida. The Commissioner takes the position that because claimant was physically present in Florida when she worked for her employer (with the exception of her two-week visit to New York), her entire service was localized in Florida.
 

 We hold that physical presence determines localization for purposes of interpreting and applying section 511 to an interstate telecommuter. Because claimant was regularly physically present in Florida when she worked for her employer in
 
 *288
 
 New York, her work was localized in one state — Florida. Accordingly, the other tests specified in section 511 are not reached, and claimant was ineligible for unemployment insurance benefits from New York.
 

 As we explained in
 
 Mallia,
 
 section 511 derives from a uniform definition of “employment” adopted by New York and most other states. This uniform definition advances two basic purposes:
 

 “(1) All the employment of an individual should be allocated to one State and not divided among the several States in which he might perform services, and such State should, of course, be solely responsible for benefits payable to him; (2) the State to which his employment is allocated should be the one in which it is most likely that the individual will become unemployed and seek work”
 
 (id.
 
 at 238, citing Social Security Board, Employment Security Memorandum No. 13, 1937).
 

 Thus, the uniform rule was intended to promote efficiency, and to ensure that unemployment benefits are paid by the state where an unemployed individual is physically present to seek new work. Unemployment has the greatest economic impact on the community in which the unemployed individual resides; unemployment benefits are generally linked to the cost of living in this area. While the drafters of the uniform rule could not have envisioned a world of interstate telecommuting, these underlying purposes remain valid, and are best served by tying localization to the state in which an interstate telecommuter is physically present.
 

 No other state or federal court seems yet to have interpreted the uniform rule as applied to interstate telecommuters.
 
 [2]
 
 As we further observed in
 
 Mallia,
 
 however, the purpose of the uniform rule was to create uniformity among states and to end uncertainty in the application of state unemployment compensation rules
 
 (id.
 
 at 238). In our view, physical presence is the most practicable indicium of localization for the interstate telecommuter who inhabits today’s “virtual” workplace linked by Internet connections and data exchanges.
 

 
 *289
 
 Finally, we conclude that the Board’s assessment of a recoverable overpayment is supported by substantial evidence
 
 (see Matter of Valvo,
 
 57 NY2d 116, 128 [1982] [“(S)ection 597 (of the Labor Law) permits recovery of benefits received * * * when the claimant has made a false statement of fact even though unintended”]).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . This was the second decision rendered after hearing upon claimant’s appeal from the initial determination. On December 23,1999, the administrative law judge who conducted the first telephone conference hearing issued a decision sustaining the initial determination. Claimant appealed to the Unemployment Insurance Appeal Board, which on February 10, 2000 rescinded the decision and remanded for a new hearing because the audiotape of the original hearing was unintelligible.
 

 [2]
 

 . The State of Minnesota, however, appears to have interpreted the uniform rule to make physical presence the test of where a telecommuter’s services are localized
 
 (see
 
 Minnesota WorkForce Center, “Multistate Employment and Unemployment Tax,” <www.mnwfc.org/tax/pamph/ multistate.htm>, accessed June 25, 2003).