Matter of Holst (Commissioner of Labor) (2026 NY Slip Op 01836)

Matter of Holst (Commissioner of Labor)

2026 NY Slip Op 01836

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CV-25-0609
[*1]In the Matter of the Claim of Laurette Holst, Appellant. Commissioner of Labor, Respondent.

Calendar Date:February 17, 2026

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Laurette Holst, Amityville, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Pritzker, J.
Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed June 27, 2024, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed, and (2) from a decision of said Board, filed October 15, 2024, which, upon reopening and reconsideration, adhered to its prior decision.
Claimant was employed in a full-time job as well as in a part-time position with another employer. In May 2022, claimant's part-time employment ended and, based upon her understanding of conversations with representatives at the Department of Labor as to whether she could collect partial unemployment insurance benefits while continuing to work full time, she applied for unemployment insurance benefits. Based upon claimant's weekly certifications that, among other things, she was not working, did not earn more than $504 a week and did not receive vacation pay, she received unemployment insurance benefits for periods between May 9, 2022 through November 13, 2022. The Department thereafter issued initial determinations finding, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed, earned more than the statutory maximum pay and/or received paid vacation or holiday pay during the relevant period, charged her with a recoverable overpayment of benefits and imposed forfeiture and monetary penalties upon a finding that she made willful misrepresentations. Following a hearing, an Administrative Law Judge, in a combined decision filed March 22, 2024, sustained the Department's determinations. Upon administrative appeal, that decision was affirmed by the Unemployment Insurance Appeal Board in a decision filed June 27, 2024. Thereafter, upon reopening and reconsideration, the Board, in a decision filed October 15, 2024, adhered to its prior decision. Claimant appeals from both Board decisions.
We affirm. "Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Knehnetsky [Commissioner of Labor], 239 AD3d 1218, 1219 [3d Dept 2025] [internal quotation marks and citations omitted]; accord Matter of Ficalora [Commissioner of Labor], 233 AD3d 1215, 1216 [3d Dept 2024]). Here, the record, which includes claimant's acknowledgement that she continued to work full time for another employer, received vacation pay and earned in excess of the maximum weekly benefit rate, provides substantial evidence to support the Board's finding that claimant was not totally unemployed during the relevant periods (see Matter of Knehnetsky [Commissioner of Labor], 239 AD3d at 1219; Matter of Ejim [Commissioner of Labor], 238 AD3d 1461, 1462 [3d Dept 2025]; Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1204 [3d Dept 2023]; see also Labor Law §§ 522, 591 [1], [3]).[*2]
Turning to the recoverable overpayment of benefits, the provisions of Labor Law § 597 (4) permit the recovery of benefits paid when a claimant makes a false statement or representation, even if the misrepresentation is unintentional (see Matter of Allen [Commissioner of Labor], 100 NY2d 282, 289 [2003]; Matter of Nottage [Commissioner of Labor], 234 AD3d 1163, 1165 [3d Dept 2025]; Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d 1211, 1212 [3d Dept 2023]). As claimant falsely indicated that she was not employed, receiving vacation pay and/or earning in excess of the statutory limitation when certifying for benefits, the Board's finding that the benefits paid to claimant were recoverable will not be disturbed (see Matter of Kelly [Commissioner of Labor], 215 AD3d 1157, 1159 [3d Dept 2023]). To the extent that claimant contends that the amount of recoverable overpayment was not substantiated, we are satisfied that claimant's acknowledgement that she received the unemployment insurance benefits and the supporting documentary evidence of the amount paid to her, are sufficient to establish the recoverable amount owed.
As for the forfeiture and monetary penalties imposed, "whether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Cruz [Commissioner of Labor], 215 AD3d at 1204-1205 [internal quotation marks and citations omitted]). "Notably, a willful false statement or misrepresentation is one which was made knowingly, intentionally or deliberately, and criminal intent need not be shown, and a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was the result of confusion" (Matter of Yura [Commissioner of Labor], 224 AD3d 1055, 1057-1058 [3d Dept 2024] [internal quotation marks, ellipsis and citations omitted]; see Matter of Guibord [Commissioner of Labor], 147 AD3d 1137, 1138 [3d Dept 2017]).
Claimant recognized that she made inaccurate statements when certifying for benefits. Claimant attributed her false certifications to her belief that the certifications pertained only to her loss of her part-time employment and her erroneous interpretation of conversations with agents at the Department regarding whether she could claim partial benefits while continuing to work full time. Significantly, claimant was aware of her responsibility to read the Department's informational handbook and, despite admitting to having only "glanced" at the handbook, is deemed to have constructive knowledge of the clarifying information contained therein (see Matter of Bano [Commissioner of Labor], 233 AD3d 1287, 1289 [3d Dept 2024]; Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1289 [3d Dept 2022]). In light of claimant's continued full-time employment status and false certifications during the relevant periods, the Board's determination that claimant [*3]made willful misrepresentations to obtain benefits is supported by substantial evidence and its imposition of monetary and forfeiture penalties will not be disturbed (see Matter of Canonico [Commissioner of Labor], 217 AD3d 1307, 1309 [3d Dept 2023]; Matter of McNamara [Commissioner of Labor], 215 AD3d 1215, 1217 [3d Dept 2023]; Matter of Cruz [Commissioner of Labor], 215 AD3d at 1205; Matter of Schneider [Commissioner of Labor],158 AD3d 882, 883 [3d Dept 2018]; compare Matter of Nottage [Commissioner of Labor], 234 AD3d at 1165-1166). We have reviewed claimant's remaining contentions, including her challenges to alleged due process violations related to the presentation of witnesses and technical difficulties at the initial hearing, and find them to be without merit.
Aarons, J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.